## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ) | |
| BRENNAN CENTER FOR JUSTICE ) | |
| AT NYU SCHOOL OF LAW ) | |
| 120 Broadway, Suite 1750 ) | |
| New York, NY 10271, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. <u>1:20-cv-2674</u> |
| ) | |
| UNITED STATES DEPARTMENT OF ) | **COMPLAINT FOR DECLARATORY** |
| COMMERCE ) | **AND INJUNCTIVE RELIEF** |
| 1401 Constitution Ave NW ) | |
| Washington, DC 20230; ) | |
| ) | |
| UNITED STATES CENSUS BUREAU ) | |
| 4600 Silver Hill Road ) | |
| Washington, DC 20233; ) | |
| ) | |
| CIVIL RIGHTS DIVISION, ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Ave, NW ) | |
| Office of the Assistant AG, Main ) | |
| Washington, DC 20530; ) | |
| ) | |
| OFFICE OF THE ATTORNEY ) | |
| GENERAL, ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Ave, NW ) | |
| Office of the Assistant AG, Main ) | |
| Washington, DC 20530; ) | |
| ) | |
| OFFICE OF THE ASSOCIATE ) | |
| ATTORNEY GENERAL, ) | |
| U.S. DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Ave, NW ) | |
| Office of the Assistant AG, Main ) | |
| Washington, DC 20530; ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

OFFICE OF THE DEPUTY ATTORNEY          )
  GENERAL,                             )
  U.S. DEPARTMENT OF JUSTICE           )
  950 Pennsylvania Ave, NW             )
  Office of the Assistant AG, Main     )
  Washington, DC 20530;                )
                                                           )
OFFICE OF LEGAL COUNSEL,               )
  U.S. DEPARTMENT OF JUSTICE           )
  950 Pennsylvania Ave, NW             )
  Office of the Assistant AG, Main     )
  Washington, DC 20530;                )
                                                           )
OFFICE OF LEGAL POLICY,                )
  U.S. DEPARTMENT OF JUSTICE           )
  950 Pennsylvania Ave, NW             )
  Office of the Assistant AG, Main     )
  Washington, DC 20530;                )
          )
and                                    )
          )
OFFICE OF MANAGEMENT AND               )
  BUDGET                               )
  725 17th Street, NW                  )
  Washington, DC 20503;                )
          )
                Defendants.         )
_____)

## INTRODUCTION

1.     The Brennan Center for Justice at NYU School of Law (the "Brennan Center") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel nine federal agencies to produce records responsive to FOIA Requests, pending well beyond statutory deadlines, concerning how the Trump Administration may try to use citizenship-status data to reapportion the U.S. House of Representatives after the conclusion of the 2020 Census, or may otherwise try to alter the Census results for the purposes of reapportionment. Given the time-sensitive relationship between the subject matter of the requested records—the reapportionment calculation—and imminent governmental activity and decisions relating to that same subject

matter, this Complaint seeks an injunction compelling the defendant agencies to complete all processing of the Brennan Center's FOIA Requests, and to produce all non-exempt responsive agency records, within 30 days of the filing of this Complaint.

2.      Reapportionment affects the representational rights of every person in the United States.  It is a once-a-decade process that determines how many seats each State has in the United States House of Representatives and how states draw electoral districts.  Expeditious responses to the Brennan Center's FOIA Requests are imperative to inform the public about how the Administration intends to calculate the reapportionment, including but not limited to excluding non-citizens from the count.

3.      Prompt disclosure of the requested records is urgent: The 2020 Census is well underway, and its results will be used to calculate the reapportionment.  The Administration has announced that it intends to complete the Census in less than four months' time and report the state-population totals used for calculating the reapportionment by December 31, 2020.  The Administration previously announced that, due to the COVID-19 pandemic, it would be delivering the reapportionment data by April 30, 2021.  Under either of these timelines, the reapportionment calculation is imminent.  If the Brennan Center does not receive information about the Administration's plans for calculating apportionment in short order, it will not be able to inform the public in a timely fashion.

4.      Given the impact of the 2020 Census and the resulting reapportionment on the public's fundamental representational rights, the Brennan Center twice requested that each Defendant agency expedite its processing of the Brennan Center's FOIA Requests.  While two of those agencies (the Civil Rights Division and Office of Legal Counsel, both of the Department of Justice) have purported to grant the Brennan Center's request for expedited processing, the seven

other Defendants have either denied or ignored the expedited processing requests directed at them. The statutory deadlines for responding to the requests for expedited processing have long passed. And notwithstanding the Civil Rights Division's and Office of Legal Counsel's purported grant of expedition, those agencies have failed to produce any responsive records or even indicate a time-frame within which they will either start or complete their respective responses to the FOIA Requests.

5.      Each of the Brennan Center's FOIA Requests has also been pending well beyond the statutory deadlines for a substantive response.  None of the Defendants have yet to produce a single document in response to the Requests, nor to offer any indication as to when responsive documents will be produced.  The Brennan Center does not know what, if anything, the Defendants intend to produce or withhold or when any production is expected to begin.  With the completion of the Census rapidly approaching, it is critical that the public is informed about how and why the Administration intends to exclude non-citizens from apportionment, or whether the administration intends to alter the state-population totals used for calculating the apportionment in any other manner.  If the Defendants continue to flout their statutory obligations and put off producing the requested information, the public will be in the dark as to a vital constitutional function.

6.      For these reasons, the Brennan Center brings this action, seeking declaratory and injunctive relief, including a preliminary injunction compelling the Defendants to comply with their obligations under the Freedom of Information Act and promptly disclose all non-exempt responsive agency records within 30 days from the filing of this action.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 5 U.S.C.  §§ 552(a)(4)(B) and 552(a)(6)(E)(iii) and 28 U.S.C. § 1331.

8.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(6)(E)(iii) to review an agency's failure to respond to an expedited processing request within the statutory time frame or denial of an expedited processing request.  Additionally, this Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(6)(C)(i) to review an agency's failure to respond to a FOIA request when the agency has not complied with applicable time limit provisions.

9.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

10.     Plaintiff the Brennan Center is a non-partisan law and public policy 501(c)(3) organization.  The Brennan Center works to promote democracy and justice by, among other things, regularly writing, publishing, and disseminating information on the Census reapportionment of the U.S. House of Representatives and state-level redistricting following reapportionment of the House.  The Brennan Center submitted the FOIA Requests at issue.

11.     Defendant the United States Department of Commerce is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Commerce Department is responsible for executing the 2020 Census, and has possession, custody, and control of records to which the Brennan Center seeks access.

12.     Defendant the Census Bureau is an agency within, and under the jurisdiction of, the Commerce Department, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Census Bureau is responsible for planning and administering the 2020 Census, and has possession, custody, and control of records to which the Brennan Center seeks access.

13.     Defendant the Civil Rights Division is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning

of FOIA, 5 U.S.C. § 552(f)(1).  The Civil Rights Division has possession, custody, and control of records to which the Brennan Center seeks access.

14.     Defendant the Office of the Attorney General is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Office of the Attorney General has possession, custody, and control of records to which the Brennan Center seeks access.

15.     Defendant the Office of the Associate Attorney General is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Office of the Associate Attorney General has possession, custody, and control of records to which the Brennan Center seeks access.

16.     Defendant the Office of the Deputy Attorney General is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Office of the Deputy Attorney General has possession, custody, and control of records to which the Brennan Center seeks access.

17.     Defendant the Office of Legal Counsel is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Office of Legal Counsel has possession, custody, and control of records to which the Brennan Center seeks access.

18.     Defendant the Office of Legal Policy is a component within, and under the jurisdiction of, the United States Department of Justice, and a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Office of Legal Policy has possession, custody, and control of records to which the Brennan Center seeks access.

19.     Defendant the Office of Management and Budget ("OMB") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The OMB has possession, custody, and control of records to which the Brennan Center seeks access.

## FACTUAL NARRATIVE

### The Constitutional and Statutory Framework of the U.S. Census

20.     The United States Constitution requires an "actual Enumeration" to be conducted every ten years in "such manner as [Congress] shall by law direct."  U.S. CONST., art. I, § 2, cl. 3.

21.     The decennial Census determines not only how many seats each State will have in the United States House of Representatives, but also how "to allocate federal funds to the States and to draw electoral districts."  *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2561 (2019).

22.     For this reason, among others, Congress has stated that the Census "is one of the most critical constitutional functions our Federal Government performs."  Pub. L. No. 105-119, § 209(a)(5), 111 Stat. 2440, 2481 (1997).

23.     Congress has enacted various statutes related to carrying out the Census, including the Census Act, *see, e.g.*, 13 U.S.C. § 141, *et seq.*, and the House of Representatives Administrative Reform Technical Corrections Act, *see, e.g.*, 2 U.S.C. § 2a.

24.     In the Census Act, Congress delegated much of its authority for conducting the Census to the Secretary of Commerce.  13 U.S.C. § 141(a).  The Secretary of Commerce then delegated its authority for establishing procedures to conduct the Census to the Census Bureau.  13 U.S.C. §§ 2, 4.

25.     The statutory framework for reporting the Census count includes the following steps: (1) the Secretary of Commerce begins the Census by April 1 of the decennial year, 13 U.S.C. § 141(a); (2) the Secretary of Commerce reports the state-population totals for congressional

7

apportionment to the President by December 31 of that decennial year, 13 U.S.C. § 141(b); (3) the President reports to the Clerk of the House the apportionment population count for each state as ascertained under the decennial census, and the number of House seats to which each state is entitled on the first day of Congress's new session or within one week of that first day, 2 U.S.C. § 2a(a); and (4) the Clerk of the House informs the governor of each state how many House seats their state will receive based on the apportionment numbers within 15 days of receipt of the numbers from the President, 2 U.S.C. § 2a(b).

26.     Due to the COVID-19 pandemic, on April 13, 2020, the Census Bureau announced it would seek from Congress a four-month extension for reporting the state-population totals used for reapportionment to the President—a request that, if granted, would extend the deadline to April 30, 2021.  *See Statement on 2020 Census Operational Adjustments Due to COVID-19*, Release No. CB20-RTQ.16, *available at* https://2020census.gov/en/news-events/press-releases/statement-covid-19-2020.html?linkId=10000001175162.

27.     Over the course of the summer, Administration officials repeatedly asserted that, given the disruptions caused by COVID-19, the Census Bureau could not possibly produce accurate apportionment data by the end of this year.  *See, e.g.*, Nat'l Conf. of Am. Indians, 2020 Census Webinar: American Indian/Alaska Native, YOUTUBE (May 26, 2020), *available at* https://www.youtube.com/watch?v=F6IyJMtDDgY&feature=youtu.be&t=4689 (Tim Olson, head of field operations for the 2020 Census, stating on May 26, 2020 that, "[w]e have passed the point where we could even meet the current legislative requirement of December 31st. We can't do that anymore.").

28.     Despite those assertions, on August 3, 2020 the Census Bureau announced that it now plans to "accelerate the completion of data collection and apportionment counts" and report

apportionment data to the President by December 31, 2020. *See Statement from U.S. Census Bureau Director Steven Dillingham: Delivering a Complete and Accurate 2020 Census Count*, Release No. CB20-RTQ.23, *available at* https://www.census.gov/newsroom/press-releases/2020/delivering-complete-accurate-count.html. The Census Bureau also announced on the same day that, in order to meet the December 31, 2020 deadline, it will end field data collection by September 30, 2020, a full month earlier than it had planned for collecting data to account for the COVID-19 pandemic.[1]

29.     These timeline shifts were announced shortly after President Trump issued a memorandum on July 21, 2020, stating that he plans to try to "exclude from the apportionment base aliens who are not in a lawful immigration status." 85 Fed. Reg. 44,679 (July 23, 2020).

**The Trump Administration's Efforts Related to Citizenship Data and the U.S. Census**

30.     On numerous occasions over the past two years, the Trump Administration has made efforts to collect citizenship data in connection with the 2020 Census and has indicated an intent to use the data to influence calculations relating to the 2020 Census count, including reapportionment and redistricting.

31.     In March 2018, the Trump Administration announced that it would direct the Census Bureau to include an unprecedented citizenship question on the 2020 Census questionnaire. *Dep't of Commerce*, 139 S. Ct. at 2562. The U.S. Supreme Court in *Department of Commerce v. New York* struck down the Trump Administration's attempt on June 27, 2019. *Id.*

---

[1] The Brennan Center is currently counsel in a pending lawsuit filed August 18, 2020, *National Urban League, et al. v. Ross, et al.*, 20-cv-05799-LHK (N.D. Cal.), that could affect when the Census Bureau delivers apportionment data to the President. No matter the outcome of that litigation, the 2020 Census will remain of critical public significance, the reapportionment calculation will occur imminently, and the Brennan Center's FOIA Requests will remain crucially urgent.

32.    Despite the Supreme Court's ruling, on July 11, 2019, the Trump Administration issued Executive Order 13880 to "ensure that accurate citizenship data is compiled in connection with the census." 84 Fed. Reg. 33,821 (July 11, 2019).  The Executive Order directed all executive departments and agencies to provide the Commerce Department with "the maximum assistance permissible, consistent with law, [to] determin[e] the number of citizens and non-citizens in the country." *Id.*

33.    At President Trump's press conference announcing Executive Order 13880, which was held on July 11, 2019, United States Attorney General William Barr stated "there is a current dispute over whether illegal aliens can be included for apportionment purposes.  Depending on the resolution of that dispute, [the citizenship] data may be relevant to those considerations." *Remarks by President Trump on Citizenship and the Census*, WHITE HOUSE (July 11, 2019, 5:37 p.m.), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-citizenship-census.

34.    A year later, on July 21, 2020, President Trump issued a "Memorandum on Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census." 85 Fed. Reg. 44,679 (July 23, 2020).  The Memorandum states that the Administration intends to "exclude from the apportionment base aliens who are not in a lawful immigration status." *Id.* at 44,680.

35.    Many media outlets have reported and many legal scholars have opined that the Administration's plan to exclude "illegal aliens" from the Census count is not only unprecedented, but blatantly unconstitutional. *See, e.g.*, Bruce Ackerman, *Why Trump's Census Play is Blatantly Unconstitutional*, POLITICO (July 11, 2019), https://www.politico.com/magazine/story/2019/07/11/trump-census-history-227353; Tara Bahrampour, *Trump Administration Seeks to Bar Undocumented Immigrants from a Portion of the 2020 Census*, WASH. POST (July 21, 2020), https://www.washingtonpost.com/local/social-issues/trump-administration-seeks-to-bar-

undocumented-immigrants-from-a-portion-of-the-2020-census/2020/07/21/9af682ee-c87f-11ea-a99f-3bbdffb1af38_story.html; Katie Rogers & Peter Baker, *Trump Seeks to Stop Counting Unauthorized Immigrants in Drawing House Districts*, N.Y. TIMES (July 21, 2020), https://www.nytimes.com/2020/07/21/us/politics/trump-immigrants-census-redistricting.html.

### The Brennan Center's FOIA Requests

36.    The Brennan Center submitted nearly identical FOIA Requests to each of the Defendants requesting certain categories of agency records related to the collection of citizenship data and the 2020 Census with the intent to "explain to the public how citizenship data may be used to calculate the apportionment." The Requests also asked for all records pertaining to the process by which Secretary Ross plans to report the state-population totals to President Trump, and the process by which the President will report the state reapportionments to Congress. True and correct copies of these Requests are attached hereto as Exhibits A through I.

37.    On July 1, 2020, the Brennan Center submitted a FOIA Request via email to the Commerce Department. *See* Exhibit A.

38.    On July 1, 2020, the Brennan Center submitted a FOIA Request via email to the Civil Rights Division. *See* Exhibit C.

39.    On July 1, 2020, the Brennan Center submitted a FOIA Request via email to the Office of Legal Counsel. *See* Exhibit G.

40.    On July 2, 2020, the Brennan Center mailed a FOIA Request to the Census Bureau, using the mailing address listed on the Census Bureau's official website. *See* Exhibit B. On July 21, 2020, 19 days after the FOIA Request was mailed to the Census Bureau, the Request was returned to the Brennan Center as "undeliverable," apparently because the Census Bureau was failing to accept mail, including FOIA requests, at the address it directed the public to use for

FOIA requests.  The same day that the Brennan Center received the request as "undeliverable," the Brennan Center re-sent the FOIA Request to the Census Bureau via email.  *See* Exhibit B.

41.     On July 2, 2020, the Brennan Center mailed a FOIA Request to the Office of the Attorney General.  *See* Exhibit D.

42.     On July 2, 2020, the Brennan Center mailed a FOIA Request to the Office of the Associate Attorney General.  *See* Exhibit E.

43.     On July 2, 2020, the Brennan Center mailed a FOIA Request to the Office of the Deputy Attorney General.  *See* Exhibit F.

44.     On July 2, 2020, the Brennan Center mailed a FOIA Request to the Office of Legal Policy. *See* Exhibit H.

45.     On July 10, 2020, the Brennan Center submitted a FOIA Request via email to the OMB.  *See* Exhibit I.

46.     In     particular,     each     of     the     FOIA     Requests     seeks:

All records created on or after June 27, 2019, pertaining to how any of the citizenship-status data collected pursuant to Executive Order 13880 can, could, should, or may be used, incorporated, referenced, or considered in any of the following activities:

- calculating or otherwise formulating the 2020 total national population;
- calculating or otherwise formulating the 2020 state-population totals to be used to apportion the United States House of Representatives as contemplated by 13 U.S.C. § 141(b) (hereinafter, the "2020 state-population totals");
- reporting the 2020 state-population totals to President Trump by the Secretary of Commerce as required under 13 U.S.C. § 141(b);
- reporting by President Trump to Congress the 2020 state-population totals and number of congressional representatives to which each state is entitled, as required under 2 U.S.C. § 2a(a);
- changing the Census Bureau's policy for calculating the 2020 state-population totals, which currently states the 2020 state-population totals will be calculated using the Census Unedited File;

- changing the Census Bureau's policy for creating the Census Unedited File, which currently states the Census Unedited File will not contain any citizenship status data.

All records created on or after June 27, 2019, pertaining to the process by which the Secretary of Commerce will report the 2020 state-population totals to President Trump, as required under 13 U.S.C. § 141(b).

All records created on or after June 27, 2019 pertaining to the process by which President Trump will report to Congress the 2020 state-population totals and number of congressional representatives to which each state is entitled thereunder, as required under 2 U.S.C. § 2a(a).

*See* Exhibits A-I.

47.     In addition, each of the FOIA Requests seeks the disclosure of records of communications related to the 2020 Census between, on the one hand, persons or entities in the Trump Administration and, on the other hand, certain identified individuals, think tanks, policy organizations, and political groups.  *See* Exhibits A-I.

48.     Each of the FOIA Requests explicitly requests that its processing be expedited pursuant to 5 U.S.C. § 552(a)(6)(E) and the recipient Defendant's applicable regulations, *see* 15 C.F.R. §§ 4.6(f)(iii), (iv) (Commerce Department and Census Bureau); 28 C.F.R. §§ 16.5(e)(1)(ii), (iv) (Department of Justice components); 5 C.F.R. §§ 1303.40(e)(1)(ii), (iv) (OMB).  Each of the FOIA Requests explains that the agency records being sought are (1) "[a] matter of widespread and exceptional media interest involving questions about the Government's integrity which affect public confidence" and (2) that the Brennan Center is "primarily engaged in disseminating information" and there is "[a]n urgency to inform the public about an actual or alleged Federal Government activity."  *See* Exhibits A-I.

49.     Each of the FOIA Requests also seeks a waiver of all fees associated with document searches, reviews, and duplications conducted in response to the FOIA Request, pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and the Defendants' relevant regulations, *see* 15 C.F.R. § 4.11(l)

(Commerce Department and Census Bureau); 28 C.F.R. § 16.10(k) (Department of Justice components); 5 C.F.R. § 1303.94 (OMB).  *See* Exhibits A-I.

## The Brennan Center's Renewed Request for Expedition

50.     On August 13, 2020, the Brennan Center emailed letters to each Defendant renewing and supplementing its requests for expedited processing of the FOIA Requests ("Supplemental Expedited Processing Letters").   True and correct copies of these letters are attached hereto as Exhibits J through R.

51.     Each of the Supplemental Expedited Processing Letters reiterates and emphasizes that, pursuant to the applicable statutory and regulatory requirements, the Brennan Center is entitled to expedited processing because (1) the records sought by the FOIA Requests are a matter of widespread and exceptional media interest raising questions about the government's integrity which affect public confidence and (2) the Brennan Center is primarily engaged in disseminating information, and there is an urgency to inform the public about the issues surrounding the 2020 Census.  *See* Exhibits J-R.

52.     The Supplemental Expedited Processing Letters overwhelmingly establish the urgency for expedited processing.   These letters demonstrate an enormous upsurge of media interest in the 2020 Census and apportionment process generally, and in particular with respect to public concern and controversy relating to the Trump Administration's announcement of its intent to exclude undocumented people from the count and the Administration's unexpected decision to complete the Census count and report the apportionment data to the President by December 31, 2020.  *See* Exhibits J-R.

**The Urgent Need for Expedited Responses to the FOIA Requests**

53.     The Brennan Center has established an entitlement to, and need for, expedited responses to the FOIA Requests because the requested agency records are a matter of widespread and exceptional media interest raising questions about the government's integrity and, further, because the Brennan Center is primarily engaged in disseminating information.

54.     The widespread and exceptional media interest regarding how citizenship data relates to the 2020 Census count and reapportionment is evidenced by the abundance of articles published by a variety of leading media outlets, including but not limited to, Fox News, NPR, Politico, The New York Times, The Washington Post, and a variety of local media outlets such as the Arkansas Democrat Gazette, The Daily Mountain Eagle, KLTV, and WWLP-22 News.  *See* Exhibits A-R.  The articles point to issues of government integrity, including but not limited to, (1) whether the plans revealed by the President's July 21, 2020 Memorandum are unconstitutional or otherwise violate federal law; (2) whether the citizenship data the Government plans to use to calculate the state population totals used for reapportionment will be accurate; and (3) whether the Census count is being improperly politically influenced and/or is lacking transparency.

55.     Access to the requested agency records is essential for the public to assess the integrity of the Administration's plans for producing the state population totals used for reapportionment, including its plans for including or using citizenship data in connection with creation of those totals.

56.     The Brennan Center is a "cutting-edge communications hub, shaping opinion by taking [its] message directly to the press and public."  *Mission & Impact*, Brennan Ctr., https://www.brennancenter.org/about/mission-impact (last accessed August 13, 2020).  It works first to inform the public of injustice in society and then uses its expertise to advance its policies.

The Brennan Center's legal and advocacy work has the purpose of creating a public record of important issues.

57.    The Brennan Center intends to use the agency records it has requested to inform the public about how the Trump Administration plans to calculate state population totals, including how citizenship data may be used to calculate reapportionment.

58.    Expedited responses to the FOIA requests are warranted and necessary in part due to the imminence of reapportionment.  The agency records are urgently needed to inform the public about how the government's plans may affect their rights.

59.    For all these reasons, expedited processing of the Brennan Center's request is necessary.

### Commerce Department's Failure to Properly Respond to the FOIA Request, Including the Request for Expedited Processing

60.    Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 15 C.F.R. § 4.6(f)(4), the Commerce Department had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

61.    Under 5 U.S.C. § 552(a)(6)(A)(i) and 15 C.F.R. § 4.6(b), the Commerce Department had 20 working days to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188–89 (D.D.C. 2013).

62.    The Brennan Center sent its FOIA Request via email to the Commerce Department on July 1, 2020.  *See* Exhibits A, AA.  On information and belief, the Commerce Department

received the email transmission of the FOIA Request virtually immediately, on July 1, 2020.  The statutory clock for the Commerce Department to respond started to run on July 1, 2020, the date the request was received in the agency's email inbox.  *See Competitive Enter. Inst. v. U.S. Envtl. Prot. Agency*, 232 F. Supp. 3d 172, 182 (D.D.C. 2017).

63.    More than 10 calendar days have passed since the Brennan Center's FOIA Request was sent via email and received by the Commerce Department on July 1, 2020.  *See* Exhibits A, AA.  Because July 11, 2020 was a Saturday, the statutory ten-calendar-day period expired on July 13, 2020.

64.    More than 20 working days have passed since the Brennan Center's FOIA Request was sent via email and received by the Commerce Department on July 1, 2020.  *See* Exhibits A, AA.  Twenty working days from July 1, 2020 was July 30, 2020.[2]

65.    More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Commerce Department on August 13, 2020.  *See* Exhibits A, AA. Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

66.    On August 18, 2020, the Brennan Center transmitted an email to the Commerce Department to follow-up on the status of the agency's handling of the FOIA Request and the Supplemental Expedited Processing Letter.  A true and correct copy of this follow-up email is attached hereto in Exhibit AA.  As of the time of the filing of this Complaint, the Commerce Department has neither acknowledged nor responded to this follow-up email.  *See* Exhibit AA.

---

[2] This date takes into account July 3, 2020 as a federal holiday.  *See* 5 U.S.C. § 6103(a)-(b).

67.     As of the filing of this Complaint, the Commerce Department has not communicated *at all* with the Brennan Center regarding its FOIA Request.  The Commerce Department has not responded to the Brennan Center's request for expedited processing.  The Commerce Department has not informed the Brennan Center of any determination whether to comply with the request nor produced any records in response to the request.  The Commerce Department has not responded to the Brennan Center's fee waiver request made pursuant to 15 C.F.R. § 4.11(l).

### Census Bureau's Failure to Properly Respond
### to the FOIA Request, Including the Request for Expedited Processing

68.     Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 15 C.F.R. § 4.6(f)(4), the Census Bureau had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

69.     Under 5 U.S.C. § 552(a)(6)(A)(i) and 15 C.F.R. § 4.6(b), the Census Bureau had 20 working days to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

70.     The Brennan Center sent its FOIA Request to the Census Bureau on July 2, 2020 by mail.  After the mailed FOIA Request was returned as undeliverable, the Brennan Center sent its FOIA Request via email to the Census Bureau on July 21, 2020.  *See* Exhibit B.  On information and belief, the Census Bureau received the email transmission of the FOIA Request virtually immediately, on July 21, 2020.

18

71.     The statutory clock for the Census Bureau to respond started to run, at the latest, on July 21, 2020, the date the emailed version of the request was received in the agency's email inbox. *See Competitive Enter. Inst.*, 232 F. Supp. 3d at 182.

72.     The Census Bureau failed to respond to the Brennan Center's request for expedited processing of the FOIA Request within 10 calendar days from the Census Bureau's receipt of the emailed version of the FOIA Request.  Ten calendar days from July 21, 2020 was July 31, 2020.

73.     On or about August 3, 2020, the Census Bureau emailed a letter to the Brennan Center denying the Brennan Center's initial request for expedited processing of the FOIA Request. A true and correct copy of this letter is attached hereto as Exhibit BB.  In its August 3, 2020 letter, the Census Bureau also denied the Brennan Center's fee waiver request made pursuant to 15 C.F.R. § 4.11(l), but did not provide any estimated fee.  *See* Exhibit BB.

74.     More than 20 working days have passed since the Brennan Center's FOIA Request was re-sent via email and received by the Census Bureau on July 21, 2020.  *See* Exhibit B.  Twenty working days from July 21, 2020 was August 18, 2020.

75.     More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Census Bureau on August 13, 2020.  *See* Exhibit K.  Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

76.     On or about September 11, 2020, more than 35 working days from when the Census Bureau received the Brennan Center's FOIA Request, the Census Bureau emailed a letter to the Brennan Center purporting to seek clarification of the FOIA Request and asserting that the request "does not clearly describe the records sought, and therefore, does not constitute a proper request under FOIA."  *See* Exhibit II.  A true and correct copy of this letter is attached hereto as Exhibit

II.  Contrary to that assertion, the Brennan Center's FOIA Request is a proper request, including because it had, among other things, date ranges, names of individuals and entities, and reasonable descriptions of the agency records sought.  *See* Exhibit B; 15 C.F.R. § 4.4(c).  As of this filing, the only Defendant that has suggested to the Brennan Center that there is any issue or concern regarding the sufficiency, clarity, or reasonableness of the Brennan Center's FOIA Requests is the Census Bureau.

77.     As of the filing of this Complaint, the Census Bureau has not communicated with the Brennan Center regarding the renewed request for expedited processing in its Supplemental Expedited Processing Letter.  Further, the Census Bureau has not produced any records in response to the request.

**Civil Rights Division's Failure to Properly Respond
to the FOIA Request, Including the Request for Expedited Processing**

78.     Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Civil Rights Division had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

79.     Under 5 U.S.C. §§ 552(a)(6)(A)(i) & (B)(i) and 28 C.F.R. § 16.5(c), the Civil Rights Division had 20 working days plus an additional 10 working days due to citing unusual circumstances, for a total of 30 working days, to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

80.     The Brennan Center sent its FOIA Request via email to the Civil Rights Division on July 1, 2020.  *See* Exhibit C.  On information and belief, the Civil Rights Division received the

email transmission of the FOIA Request virtually immediately, on July 1, 2020.  The statutory

clock for the Civil Rights Division to respond started to run on July 1, 2020, the date the request

was received in the agency's email inbox.  *See Competitive Enter. Inst.*, 232 F. Supp. 3d at 182.

81.     On July 13, 2020, the Civil Rights Division emailed a letter to the Brennan Center

acknowledging receipt of its FOIA Request on July 1, 2020 and citing unusual circumstances

pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii).  A true and correct copy of this letter is attached hereto

as Exhibit CC.

82.     The Civil Rights Division failed to respond to the Brennan Center's request for

expedited processing of the FOIA Request within 10 calendar days from the Civil Rights

Division's receipt of the emailed FOIA Request on July 1, 2020.  *See* Exhibits C, CC.  Because

July 11, 2020 was a Saturday, the statutory ten-calendar-day period expired on July 13, 2020.

83.     On or about August 14, 2020, the Civil Rights Division emailed a letter to the

Brennan Center granting the Brennan Center's request for expedited processing.  A true and correct

copy of this letter is attached hereto as Exhibit HH.  The Civil Rights Division granted the request

after having received the Supplemental Expedited Processing Letter, which the Brennan Center

emailed on August 13, 2020.  *See* Exhibits L, HH.

84.     More than 30 working days have passed since the Brennan Center's FOIA Request

was sent via email and received by the Civil Rights Division on July 1, 2020.  *See* Exhibit C.

Thirty working days from July 1, 2020 was August 13, 2020.[3]

85.     As of the filing of this Complaint, the Civil Rights Division has neither informed

the Brennan Center of any determination as to whether it will comply with the Brennan Center's

FOIA Request, nor produced any records in response to the request.  The Civil Rights Division

---

[3] This date takes into account July 3, 2020 as a federal holiday.  *See* 5 U.S.C. § 6103(a)-(b).

has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

**Office of the Attorney General's Failure to Properly**
**Respond to the FOIA Request, Including the Request for Expedited Processing**

86.     Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Office of the Attorney General had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

87.     Under 5 U.S.C. §§ 552(a)(6)(A)(i) & (B)(i) and 28 C.F.R. § 16.5(c), the Office of the Attorney General had 20 working days plus an additional 10 working days due to citing unusual circumstances, for a total of 30 working days, to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

88.     The Brennan Center's FOIA Request was sent to the Office of the Attorney General on July 2, 2020 by mail.  *See* Exhibit D.

89.     On July 23, 2020, the Office of the Attorney General, acting through the Office of Information Policy, emailed a letter to the Brennan Center acknowledging receipt of the FOIA Request on July 13, 2020.  A true and correct copy of this letter is attached hereto as Exhibit DD.

90.     In its July 23, 2020 letter, the Office of the Attorney General cited unusual circumstances pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii), and denied the Brennan Center's request for expedited processing.  *See* Exhibit DD.

91.     More than 30 working days have passed since the Brennan Center's FOIA Request was received by the Office of the Attorney General on July 13, 2020.  *See* Exhibits D, DD.  Thirty working days from July 13, 2020 was August 24, 2020.

92.     More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Office of Attorney General on August 13, 2020.  *See* Exhibit M.  Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

93.     As of the filing of this Complaint, the Office of the Attorney General has not communicated with the Brennan Center regarding its Supplemental Expedited Processing Letter. The Office of the Attorney General has neither informed the Brennan Center of any determination as to whether it will comply with the Brennan Center's FOIA Request, nor produced any records in response to the request. The Office of the Attorney General has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

### Office of the Associate Attorney General's Failure to Properly Respond to the FOIA Request, Including the Request for Expedited Processing

94.     Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Office of the Associate Attorney General had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

95.     Under 5 U.S.C. §§ 552(a)(6)(A)(i) & (B)(i) and 28 C.F.R. § 16.5(c), the Office of the Associate Attorney General had 20 working days plus an additional 10 working days due to citing unusual circumstances, for a total of 30 working days, to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it

intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

96.     The Brennan Center's FOIA Request was sent to the Office of the Associate Attorney General on July 2, 2020 by mail.  *See* Exhibit E.

97.     On July 23, 2020, the Office of the Associate Attorney General, acting through the Office of Information Policy, emailed a letter to the Brennan Center acknowledging receipt of the FOIA Request on July 13, 2020.  *See* Exhibit DD.

98.     In its July 23, 2020 letter, the Office of the Associate Attorney General cited unusual circumstances pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii), and denied the Brennan Center's request for expedited processing.  *See* Exhibit DD.

99.     More than 30 working days have passed since the Brennan Center's FOIA Request was received by the Office of the Associate Attorney General on July 13, 2020.  *See* Exhibits E, DD.  Thirty working days from July 13, 2020 was August 24, 2020.

100.     More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Office of Associate Attorney General on August 13, 2020.  *See* Exhibit N.  Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

101.     As of the filing of this Complaint, the Office of the Associate Attorney General has not communicated with the Brennan Center regarding its Supplemental Expedited Processing Letter.  The Office of the Associate Attorney General has neither informed the Brennan Center of any determination as to whether it will comply with the Brennan Center's FOIA Request, nor

produced any records in response to the request.  The Office of the Associate Attorney General has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

**Office of the Deputy Attorney General's Failure to Properly
Respond to the FOIA Request, Including the Request for Expedited Processing**

102.    Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Office of the Deputy Attorney General had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

103.    Under 5 U.S.C. §§ 552(a)(6)(A)(i) & (B)(i) and 28 C.F.R. § 16.5(c), the Office of the Deputy Attorney General had 20 working days plus an additional 10 working days due to citing unusual circumstances, for a total of 30 working days, to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse.  *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

104.    The Brennan Center's FOIA Request was sent to the Office of the Deputy Attorney General on July 2, 2020 by mail.  *See* Exhibit F.

105.    On July 23, 2020, the Office of the Deputy Attorney General, acting through the Office of Information Policy, emailed a letter to the Brennan Center acknowledging receipt of the FOIA Request on July 13, 2020.  *See* Exhibit DD.

106.    In its July 23, 2020 letter, the Office of the Deputy Attorney General cited unusual circumstances pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii), and denied the Brennan Center's request for expedited processing.  *See* Exhibit DD.

107.    More than 30 working days have passed since the Brennan Center's FOIA Request was received by the Office of the Deputy Attorney General on July 13, 2020.  *See* Exhibits F, DD. Thirty working days from July 13, 2020 was August 24, 2020.

108.    More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Office of Deputy Attorney General on August 13, 2020.  *See* Exhibit O. Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

109.    As of the filing of this Complaint, the Office of the Deputy Attorney General has not communicated with the Brennan Center regarding its Supplemental Expedited Processing Letter.  The Office of the Deputy Attorney General has neither informed the Brennan Center of any determination as to whether it will comply with the Brennan Center's FOIA Request, nor produced any records in response to the request. The Office of the Deputy Attorney General has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

### Office of Legal Counsel's Failure to Properly Respond to the FOIA Request, Including the Request for Expedited Processing

110.    Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Office of Legal Counsel had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

111.    Under 5 U.S.C. § 552(a)(6)(A)(i) and 28 C.F.R. § 16.5(c), the Office of Legal Counsel had 20 working days to inform the Brennan Center of its determination whether to comply

26

with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse. *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

112.    The Brennan Center sent its FOIA Request via email to the Office of Legal Counsel on July 1, 2020. *See* Exhibit G. On information and belief, the Office of Legal Counsel received the email transmission of the FOIA Request virtually immediately, on July 1, 2020. The statutory clock for the Office of Legal Counsel to respond started to run on July 1, 2020, the date the FOIA request was received in the agency's email inbox. *See Competitive Enter. Inst.*, 232 F. Supp. 3d at 182.

113.    On July 10, 2020, the Office of Legal Counsel emailed a letter to the Brennan Center acknowledging receipt of the request. A true and correct copy of the letter is attached hereto as Exhibit EE.

114.    In its July 10, 2020 letter, the Office of Legal Counsel denied the Brennan Center's request for expedited processing. *See* Exhibit EE.

115.    More than 20 working days have passed since the Brennan Center's FOIA Request was sent via email and received by the Office of Legal Counsel on July 1, 2020. *See* Exhibits G, EE. Twenty working days from July 1, 2020 was July 30, 2020.[4]

116.    On or about September 4, 2020, the Office of Legal Counsel emailed a letter to the Brennan Center reversing its denial and granting the Brennan Center's request for expedited processing. A true and correct copy of this letter is attached hereto as Exhibit FF. The Office of

---

[4] This date takes into account July 3, 2020 as a federal holiday. *See* 5 U.S.C. § 6103(a)-(b).

Legal Counsel granted the request 21 days after having received the Supplemental Expedited Processing Letter, which the Brennan Center emailed on August 13, 2020. *See* Exhibits P, FF.

117.    As of the filing of this Complaint, the Office of Legal Counsel has neither informed the Brennan Center of any determination as to whether it will comply with the Brennan Center's FOIA Request, nor produced any records in response to the request.  The Office of Legal Counsel has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

### Office of Legal Policy's Failure to Properly
### Respond to the FOIA Request, Including the Request for Expedited Processing

118.    Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4), the Office of Legal Policy had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

119.    Under 5 U.S.C. §§ 552(a)(6)(A)(i) & (B)(i) and 28 C.F.R. § 16.5(c), the Office of Legal Policy had 20 working days plus an additional 10 working days due to citing unusual circumstances, for a total of 30 working days, to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse. *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

120.    The Brennan Center's FOIA Request was sent to the Office of Legal Policy on July 2, 2020 by mail. *See* Exhibit H.

121.    On July 23, 2020, the Office of Legal Policy, acting through the Office of Information Policy, emailed a letter to the Brennan Center acknowledging receipt of the FOIA Request on July 13, 2020. *See* Exhibit DD.

122.    In its July 23, 2020 letter, the Office of Legal Policy cited unusual circumstances pursuant to 5 U.S.C. § 552 (a)(6)(B)(i)-(iii), and denied the Brennan Center's request for expedited processing.  *See* Exhibit DD.

123.    More than 30 working days have passed since the Brennan Center's FOIA Request was received by the Office of Legal Policy on July 13, 2020.  *See* Exhibits H, DD.  Thirty working days from July 13, 2020 was August 24, 2020.

124.    More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the Office of Legal Policy on August 13, 2020.  *See* Exhibit Q.  Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

125.    As of the filing of this Complaint, the Office of Legal Policy has not communicated with the Brennan Center regarding its Supplemental Expedited Processing Letter.  The Office of Legal Policy has neither informed the Brennan Center of any determination as to whether it will comply with the Brennan Center's FOIA Request, nor produced any records in response to the request.   The Office of Legal Policy has not responded to the Brennan Center's fee waiver request made pursuant to 28 C.F.R. § 16.10(k).

**OMB's Failure to Properly Respond to the
FOIA Request, Including the Request for Expedited Processing**

126.    Under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 5 C.F.R. § 1303.40(e)(4), the OMB had 10 calendar days to respond to the Brennan Center's requests for expedited processing in both its initial FOIA Request and Supplemental Expedited Processing Letter.

127.    Under 5 U.S.C. § 552(a)(6)(A)(i) and 5 C.F.R. § 1303.40(a), the OMB had 20 working days to inform the Brennan Center of its determination whether to comply with the Brennan Center's FOIA Request, by gathering and reviewing the requested records, determining

29

and communicating the scope of the records it intends to produce and withhold, and informing the Brennan Center it can appeal whatever portion of the determination is adverse. *See Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.

128.    The Brennan Center sent its FOIA Request via email to the OMB on July 10, 2020. *See* Exhibits I, GG.  A true and correct copy of the email transmission is attached hereto as Exhibit GG.  On information and belief, the OMB received the email transmission of the FOIA Request virtually immediately, on July 10, 2020.  The statutory clock for the OMB to respond started to run on July 10, 2020, the date the request was received in the agency's email inbox.  *See Competitive Enter. Inst.*, 232 F. Supp. 3d at 182.

129.    More than 10 calendar days have passed since the Brennan Center's FOIA Request was sent via email and received by the OMB on July 10, 2020.  *See* Exhibits I, GG.  Ten calendar days from July 10, 2020 was July 20, 2020.

130.    More than 20 working days have passed since the Brennan Center's FOIA Request was sent via email and received by the OMB on July 10, 2020.  *See* Exhibits I, GG.  Twenty working days from July 10, 2020 was August 7, 2020.

131.    More than 10 calendar days have passed since the Brennan Center's renewed request for expedited processing in its Supplemental Expedited Processing Letter was sent via email and received by the OMB on August 13, 2020.  *See* Exhibit R.  Because August 23, 2020 was a Sunday, the statutory ten-calendar-day period expired on August 24, 2020.

132.    As of the filing of this Complaint, besides providing a tracking number, the OMB has not communicated *at all* with the Brennan Center regarding its FOIA Request.  The OMB has not responded to the Brennan Center's requested for expedited processing.  The OMB has neither informed the Brennan Center of any determination as to whether it will comply with the request,

nor produced any records in response to the request.  The OMB has not responded to the Brennan

Center's fee waiver request made pursuant to 5 C.F.R. § 1303.94(a).

## CLAIMS FOR RELIEF

### Count I (Against All Defendants Other Than
### Civil Rights Division and Office of Legal Counsel):
### Violation of FOIA, 5 U.S.C. § 552; Failure to Respond to Request for Expedited Processing

133.    The Brennan Center restates and incorporates by reference each of the foregoing

paragraphs as if fully set forth herein.

134.    FOIA provides that, upon request, agencies are to make a determination "of

whether to provide expedited processing" "within 10 days after the date of the request."  5 U.S.C.

§ 552(a)(6)(E)(ii)(I).

135.    The Brennan Center has a statutory right, 5 U.S.C. § 552(a)(6)(E)(i), and regulatory

rights, 15 C.F.R. § 4.6(f) (Commerce Department and Census Bureau); 28 C.F.R. § 16.5(e)

(Department of Justice components); 5 C.F.R. § 1303.40(e) (OMB), to request expedited

processing.  As such, the Brennan Center made an expedited processing request in its FOIA

Requests and Supplemental Expedited Processing Letters to all Defendants.

136.    As of the filing of this Complaint, the Brennan Center has not received *any*

communication regarding its expedited processing requests from the Commerce Department or the

OMB.  *See* Exhibits AA, GG.

137.    The Census Bureau, Office of the Attorney General, Office of the Associate

Attorney General, Office of the Deputy Attorney General, and Office of Legal Policy have failed

to respond to the Brennan Center's renewed request for expedited processing in its Supplemental

Expedited Processing Letters within 10 days.

31

138.    The failure of each of the Defendants named in the prior two paragraphs to respond to the Brennan Center's expedited processing requests within the statutorily mandated time frame violates 5 U.S.C. § 552(a)(6)(E)(ii)(I).

**Count II (Against All Defendants Other Than**
**Civil Rights Division and Office of Legal Counsel):**
**Violation of FOIA, 5 U.S.C. § 552; Failure to Grant Request for Expedited Processing**

139.    The Brennan Center restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

140.    FOIA provides that agencies must promulgate regulations providing for expedited processing of requests for records when "made by a person primarily engaged in disseminating information" and there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and "in other cases determined by the agency."  5 U.S.C. §§ 552(a)(6)(E)(i), (v).

141.    The Brennan Center requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and Defendants' relevant regulations, 15 C.F.R. §§ 4.6(f)(iii), (iv) (Commerce Department and Census Bureau); 28 C.F.R. §§ 16.5(e)(1)(ii), (iv) (Department of Justice components); and 5 C.F.R. §§ 1303.40(e)(1)(ii), (iv) (OMB).

142.    The Census Bureau, Office of the Attorney General, Office of the Associate Attorney General, Office of the Deputy Attorney General, and Office of Legal Policy denied the Brennan Center's expedited processing request in its FOIA Requests before receiving the Supplemental Expedited Processing Letters.  *See* Exhibits K, M-O, Q, BB, DD.  These Defendants did not respond to the expedited processing request in the Supplemental Expedited Processing Letter.

143.    The Commerce Department and the OMB have failed to respond *at all* to the Brennan Center's expedited processing requests.  *See* Exhibits AA, GG.

144.    The failure of each of the Defendants named in the prior two paragraphs to grant the Brennan Center's expedited processing requests violates 5 U.S.C. § 552.

### Count III (Against Civil Rights Division and Office of Legal Counsel): Violation of FOIA, 5 U.S.C. § 552; Failure to Provide Expedited Processing Despite Purported Grant of Request to Expedite

145.    The Brennan Center restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

146.    FOIA provides that agencies must promulgate regulations providing for expedited processing of requests for records when "made by a person primarily engaged in disseminating information" and there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and "in other cases determined by the agency."  5 U.S.C. §§ 552(a)(6)(E)(i), (v).

147.    The Brennan Center requested expedited processing in its FOIA Requests to the Civil Rights Division and Office of Legal Counsel pursuant to 5 U.S.C. § 552(a)(6)(E) and 28 C.F.R. §§ 16.5(e)(1)(ii), (iv).

148.    The Civil Rights Division has failed to process the Brennan Center's FOIA Request in an expedited manner.  While on August 14, 2020 the Civil Rights Division purported to grant the Brennan Center's request for expedited processing, the Civil Rights Division did *not* indicate when it would provide agency records nor has the Brennan Center received any agency records responsive to its FOIA Request.  *See* Exhibit HH.

149.    The Office of Legal Counsel has failed to process the Brennan Center's FOIA Request in an expedited manner.  First, the Office of Legal Counsel denied the Brennan Center's

request for expedited processing on July 10, 2020.  *See* Exhibit EE.  Then 21 calendar days after receiving the Brennan Center's Supplemental Expedited Letter, the Office of Legal Counsel purported to grant the request on September 4, 2020.  *See* Exhibits P, FF.  In its September 4, 2020 letter, the Office of Legal Counsel did *not* indicate when it would provide agency records nor has the Brennan Center received any agency records responsive to its FOIA Request.  *See* Exhibit FF.

150.    The Civil Rights Division's and Office of Legal Counsel's failures to comply with their grants of expedited processing of the Brennan Center's FOIA Requests violate 5 U.S.C. § 552.

### Count IV (Against All Defendants): Violation of FOIA, 5 U.S.C. § 552; Failure to Comply with Statutory Deadline and Wrongful Withholding of Agency Records

151.    The Brennan Center restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

152.    FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request and "shall immediately notify the person making such request of such determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(A)(i). Within the 20 working days, the agency is required to "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse."  *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 188–89.  FOIA also provides that, upon request, agencies are to make records "promptly available."  5 U.S.C. § 552(a)(3)(A).

153.    FOIA allows agencies "an additional 10 days" if the agency "has determined that unusual circumstances apply . . .  and the agency provided a timely written notice to the requester." 5 U.S.C. § 552(a)(4)(A)(viii)(II)(aa).

154.    Each of the Defendants was obligated by statute to fully respond to the FOIA Request, as specified above, within 20 working days of the Defendant's receipt of the request or, if and only if the Defendant properly invoked the provision for an additional 10 days, within 30 working days of the Defendant's receipt of the requests.

155.    Each and every one of the Defendants has failed to comply with the legal obligations set forth in the foregoing paragraph.  In fact, none of the Defendants have provided the Brennan Center with any indication that they have even begun to comply with those obligations.

156.    For the foregoing reasons, each and every Defendant is unlawfully withholding, and failing to disclose, numerous agency records sought by the FOIA Requests in violation of 5 U.S.C. § 552.

157.    The Brennan Center is being harmed by the Defendants' unlawful withholding of the requested agency records, and the Brennan Center will continue to be harmed until the Defendants comply with the FOIA requirements.

**Count V (Against All
Defendants Other Than Census Bureau):
Violation of FOIA, 5 U.S.C. § 552; Failure
to Respond to and/or Grant Request for Fee Waiver**

158.    The Brennan Center restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

159.    FOIA requires agencies to promulgate regulations specifying the schedule of fees applicable to the processing of requests, including fee waivers for records sought for commercial use or by an educational institution, noncommercial scientific institution, or by representatives of

the news media.  5 U.S.C. § 552(a)(4)(A)(i)-(ii).  FOIA also requires agencies to waive fees if "disclosure of the information is in the public interest."  5 U.S.C. § 552(a)(4)(A)(iii).

160.    FOIA prohibits an agency from assessing any search fees if the agency fails to comply with the statutory deadlines, as is the case here, except in cases where the agency has provided timely notice of unusual circumstances or if the court has determined that exceptional circumstances exist.  5 U.S.C. § 552(a)(4)(A)(viii).

161.    The Brennan Center has a statutory right, 5 U.S.C. § 552(a)(4)(A), and regulatory rights, 15 C.F.R. § 4.11(l) (Commerce Department and Census Bureau); 28 C.F.R. § 16.10(k) (United States Department of Justice components); 5 C.F.R. § 1303.94(a) (OMB), to request a fee waiver.  As such, the Brennan Center made requests for fee waivers in its FOIA Requests to all Defendants.

162.    As of the filing of this Complaint, the Brennan Center has not received *any* communication regarding its fee waiver requests from the Commerce Department, Civil Rights Division, or OMB.  *See* Exhibits AA, CC, GG, HH.

163.    As of this filing of this Complaint, the Brennan Center has not received a decision regarding its fee waiver requests from the Office of the Attorney General, Office of the Associate Attorney General, Office of the Deputy Attorney General, Office of Legal Counsel, and Office of Legal Policy.  *See* Exhibits DD, EE, FF.

164.    The failure of each of the Defendants named in the prior two paragraphs to respond to the Brennan Center's fee waiver request is a violation of 5 U.S.C. § 552.

165.    The failure of each of the Defendants named in paragraphs 162 and 163 to grant the Brennan Center's fee waiver request violates 5 U.S.C. § 552.

**PRAYER FOR RELIEF**

The Brennan Center requests that this Court:

1.     Assume jurisdiction in this matter and maintain jurisdiction until the Defendants comply with FOIA and every order of this Court;

2.     Preliminarily and permanently enjoin each and every Defendant to complete its processing and response to the FOIA Requests, including by disclosing all responsive agency records not demonstrated by Defendants to be properly exempt from disclosure, within 30 days of the filing of this action;

3.     Declare that Defendants' failure to respond to the Brennan Center's request for expedited processing within the statutory time violates 5 U.S.C. § 552(a)(6)(E)(ii)(I);

4.     Declare that the Defendants' failure to grant the Brennan Center's request for expedited processing violates 5 U.S.C. § 552(a)(6)(E);

5.     Declare that the Defendants Civil Rights Division and Office of Legal Counsel's failures to provide expedited processing after ostensibly granting the Brennan Center's requests for expedited processing violate 5 U.S.C. § 552(a)(6)(E)(iii);

6.     Declare that Defendants' failure to make a determination whether to comply with the Brennan Center's request within the statutory time frame violates 5 U.S.C. § 552(a)(6)(A)(i);

7.     Declare that Defendants' failure to promptly disclose the records responsive to the Brennan Center's request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) & (a)(3)(A);

8.     Order the Defendants to expeditiously conduct an adequate search for all records responsive to the Brennan Center's FOIA request in accordance with 5 U.S.C. § 552(a)(3)(C);

9.     Order the Defendants to expeditiously disclose all responsive, non-exempt records at no cost;

10.     Enjoin the Defendants from continuing to improperly withhold any and all non-exempt responsive records;

11.     Award the Brennan Center's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

12.     Grant such other relief as this Court deems just and proper.

Dated: September 21, 2020                    Respectfully submitted,

                                            /s/ Patrick Carome
                                            Patrick Carome (D.C. Bar No. 385676)
                                            WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                            1875 Pennsylvania Avenue NW
                                            Washington, DC 20006
                                            (202) 663-6000
                                            Patrick.Carome@wilmerhale.com

                                            Caitlin Monahan*
                                            Mikayla Foster*
                                            Rieko Shepherd*
                                            WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                            60 State Street
                                            Boston, MA 02109
                                            (617) 526-6000
                                            Caitlin.Monahan@wilmerhale.com
                                            Mikayla.Foster@wilmerhale.com
                                            Rieko.Shepherd@wilmerhale.com

                                            Jared V. Grubow*
                                            WILMER CUTLER PICKERING
                                             HALE AND DORR LLP
                                            7 World Trade Center
                                            250 Greenwich Street
                                            New York, NY 10007
                                            (212) 230-8800
                                            Jared.Grubow@wilmerhale.com

                                            Counsel for plaintiff

                                            * Pro Hac Vice motions forthcoming