## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
BRENNAN CENTER FOR JUSTICE,          )
                                                        )
                    Plaintiff,                        )
                                                        )
          v.                                            )          Civil Action No. 1:20-cv-002674 (TJK)
                                                        )
UNITED STATES DEPARTMENT OF        )
COMMERCE, *et al.*,                          )
                                                        )
                    Defendants.                     )
_____  )

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants hereby answer the Complaint filed by Plaintiff Brennan Center for Justice ("the Complaint") (Dkt. No. 1) in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs:

1.       The first sentence includes Plaintiff's characterization of its Freedom of Information Act ("FOIA") requests and the Complaint, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA requests and the Complaint for a full and accurate statement of their contents.

2.       The first sentence contains terms that are vague or ambiguous and therefore, Defendants lack knowledge or sufficient information to form a belief as to the truth of those terms.  Defendants admit the allegations in the second sentence.  The third sentence consists of legal conclusions, to which no response is required.  The remaining allegations also contain terms that are vague or ambiguous, and therefore, Defendants lack knowledge or sufficient information to form a belief as to the truth of those terms.

3.      Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first and fifth sentences.  Regarding the second sentence, Defendants admit that the Administration has announced that it intends to complete the Census and report the state-population totals used for calculating the reapportionment by December 31, 2020.  The remaining allegations in the second sentence contain terms that are vague or ambiguous, and therefore, Defendants lack knowledge or sufficient information to form a belief as to the truth of those terms.  Defendants admit the allegations in the third sentence.  The allegations in the fourth sentence contain terms that are vague or ambiguous, and therefore, Defendants lack knowledge or sufficient information to form a belief as to the truth of those terms.

4.      With regard to the first sentence, Defendants admit that Plaintiff requested expedited processing of their FOIA requests.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the first sentence. Regarding the second sentence, Defendants admit that the Department of Justice, Civil Rights Division and Office of Legal Counsel granted Plaintiff's requests for expedited processing of the FOIA requests.  Defendants deny that seven other government components have denied or ignored Plaintiff's requests for expedited processing.  Regarding the third sentence, Defendants admit that the statutory deadlines for responding to Plaintiff's requests for expedited processing have past.  Defendants deny the allegations in the fourth sentence.

5.      The first sentence consists of Plaintiff's legal conclusions, to which no response is required.  Defendants deny the allegations in the second sentence.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

6.      This paragraph contains legal conclusions and a description of the requested relief, including a preliminary injunction, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in this paragraph and maintain that Plaintiff is not entitled to the requested relief.

7.      This paragraph contains legal conclusions, to which no response is required.

8.      This paragraph contains legal conclusions, to which no response is required.

9.      This paragraph contains legal conclusions, to which no response is required.

10.      Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations of in the first and second sentences.  Defendants admit that Plaintiff submitted the FOIA requests at issue in this case.

11.      Defendants admit that the Department of Commerce ("Commerce") is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  Commerce admits that via legislation, Congress delegated to the Secretary of Commerce the task of conducting the decennial census, and that this delegation applies to the 2020 decennial.  The rest of the allegations in this paragraph contain legal conclusions, to which no response is required.

12.      Defendants admit that the United States Census Bureau ("Census Bureau") is part of Commerce.  Further, Defendants admit that Census' Office of the Associate Director for Decennial Census Programs has delegated authority to direct and provide planning and coordination for decennial censuses, including the 2020 decennial.  Defendants deny that the Census Bureau is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

13.     Defendants admit that the Civil Rights Division is a division within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

14.     Defendants admit that the Office of the Attorney General is a component within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

15.     Defendants admit that the Office of the Associate Attorney General is a component within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

16.     Defendants admit that the Office of the Deputy Attorney General is a component within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

17.     Defendants admit that the Office of Legal Counsel is a component within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The

remaining allegations in this paragraph contain legal conclusions, to which no response is required.

18.     Defendants admit that the Office of Legal Policy is a component within the United States Department of Justice.  Defendants also admit that the United States Department of Justice is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

19.     Defendants admit that the Office of Management and Budget is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1).  The remaining allegations in this paragraph contain legal conclusions, to which no response is required.

20.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the Constitution for a full and accurate statement of its contents.

21.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited Supreme Court decision in *Department of Commerce v. New York*, 139 S. Ct. 2551, 2561 (2019), for a full and accurate statement of its contents.

22.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to Pub. L. No. 105-119, § 209(a)(5), 111 Stat. 2440, 2481 (1997), for a full and accurate statement of its contents.

23.     Defendants admit that Congress enacted 13 U.S.C. § 141 and 2 U.S.C. § 2a. Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the paragraph, which use terms that are vague or ambiguous.

24.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the Census Act, 13 U.S.C. §§ 2, 4, for a full and accurate statement of its contents.

25.     This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to 13 U.S.C. §§ 141(a), (b) and 2 U.S.C. §§ 2a(a), 2a(b), for a full and accurate statement of their contents.

26.     Defendants admit that the Census Bureau made a statement on April 13, 2020. Defendants respectfully refer the Court to the statement for a full and accurate account of its contents.

27.     Defendants admit that Tim Olson, the head of the Census Bureau's field operations for the 2020 Census, made the quoted statement on May 26, 2020.  Defendants respectfully refer the Court to the comments for a full and accurate statement of their contents.

28.     Defendants admit that Steven Dillingham, the U.S. Census Bureau Director, made a statement on August 3, 2020.  Defendants respectfully refer the Court to the statement for a full and accurate account of its contents.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence because Plaintiff does not provide the source of the alleged statement.  With regard to footnote 1, Defendants admit that the Brennan Center is currently counsel in a pending lawsuit filed on August 18, 2020, *National Urban League, et al. v. Ross, et al.*, 20-cv-05799-LHK (N.D. Cal.).  Defendants lack knowledge

or sufficient information to form a belief as to the truth of the remaining allegations in footnote 1, which use terms that are vague or ambiguous.

29.     Defendants admit that President Trump issued a memorandum on July 21, 2020. Defendants respectfully refer the Court to the memorandum for a full and accurate statement of its contents.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, which use terms that are vague or ambiguous.

30.     This paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

31.     Defendants admit that in March 2018 the President's administration announced that it would direct the Census Bureau to include a citizenship question on the 2020 Census questionnaire.  The term "unprecedented" in the first sentence is vague or ambiguous, and therefore, Defendants lack knowledge or sufficient information to form a belief as to the truth of that term.  The second sentence contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to *Department of Commerce v. New York*, 139 S. Ct. at 2562, for a full and accurate statement of its contents.

32.     Defendants admit that President Trump issued Executive Order 13880 on July 1l, 2019.  Defendants respectfully refer the Court to Executive Order 13880 for a full and accurate statement of its contents.

33.     Defendants admit that United States Attorney General William Barr made a statement at the July 11, 2019 press conference.  Defendants respectfully refer the Court to the transcript of the press conference for a full and accurate statement of its contents.

34.     Defendants admit that on July 21, 2020, President Trump issued the "Memorandum on Excluding Illegal Aliens from the Apportionment Base Following the 2020

Census."  Defendants respectfully refer the Court to the Memorandum for a full and accurate statement of its contents.

35.     Defendants admit that the three news media reports cited by Plaintiff have been published.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.  Defendants respectfully refer the Court to the news media reports for a full and accurate statement of their contents.

36.     Defendants admit that Plaintiff submitted FOIA requests to each of the government components that are named as parties in this lawsuit.  Defendants respectfully refer the Court to those requests for a full and accurate statement of their contents.

37.     Admit.

38.     Admit.

39.     Admit.

40.     Defendants deny that the Census Bureau was not accepting mail.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.

41.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

42.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

43.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

44.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

45.      Admit.

46.      Defendants admit that Plaintiff submitted FOIA requests to each of the government components that are named as parties in this lawsuit.  Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

47.      Defendants admit that Plaintiff submitted FOIA requests to each of the government components that are named as parties in this lawsuit.  Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

48.      Defendants admit that Plaintiff submitted FOIA requests to each of the government components that are named as parties in this lawsuit.  Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

49.      Defendants admit that Plaintiff submitted FOIA requests to each of the government components that are named as parties in this lawsuit.  Defendants respectfully refer the Court to the requests for a full and accurate statement of their contents.

50.      Defendants admit that they received letters from Plaintiff dated August 13, 2020. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.

51.      Defendants admit that they received letters from Plaintiff dated August 13, 2020. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.

52.      Defendants admit that they received letters from Plaintiff dated August 13, 2020. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents.  This paragraph also contains Plaintiff's legal conclusions, to which no response is required.

53.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

54.     Defendants admit that the news media has reported on the 2020 Census. Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph.  Defendants respectfully refer the Court to the news media reports for a full and accurate statement of their contents.

55.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

56.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

57.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

58.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

59.     This paragraph contains legal conclusions, to which no response is required.

60.     This paragraph contains legal conclusions, to which no response is required.

61.     This paragraph contains legal conclusions, to which no response is required.

62.     Defendants admit that Commerce received an email from Plaintiff on July 1, 2020.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the second sentence.  The third sentence contains Plaintiff's legal conclusions, to which no response is required.

63.     Defendants admit that Commerce received an email from Plaintiff on July 1, 2020, and that more than 10 calendar days have passed since Commerce received the email.  The

remaining allegations in this paragraph consists of Plaintiff's legal conclusions, to which no response is required.

64. Defendants admit that Commerce received an email from Plaintiff on July 1, 2020. The remaining allegations in this paragraph consists of Plaintiff's legal conclusions, to which no response is required. With regard to footnote 2, Defendants admit that July 3, 2020, was a federal holiday.

65. Defendants admit that Commerce received an email from Plaintiff on August 13, 2020. The remaining allegations in this paragraph consists of Plaintiff's legal conclusions, to which no response is required.

66. Defendants admit that Commerce received an email from Plaintiff on August 18, 2020. Defendants also admit and that as of the date that Plaintiff filed the Complaint in the instant case, Commerce had not responded to the August 18, 2020 email. Defendants respectfully refer the Court to the August 18, 2020 email for a full and accurate statement of its contents.

67. Defendants admit the allegations in the first sentence. Defendants deny the remaining allegations in the paragraph.

68. This paragraph contains legal conclusions, to which no response is required.

69. This paragraph contains legal conclusions, to which no response is required.

70. Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence. With regard to the second and third sentences, Defendants admit that Commerce received an email from Plaintiff on July 21, 2020. Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the second and third sentences.

71.     Defendants admit that the Census Bureau received an email from Plaintiff on July 21, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

72.     Defendants admit that the Census Bureau received an email from Plaintiff on July 21, 2020, and that more than 10 calendar days have passed since the Census Bureau received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

73.     Defendants admit that the Census Bureau emailed a letter to Plaintiff on August 3, 2020.  Defendants respectfully refer the Court to the August 3, 2020 email for a full and accurate statement of its contents.

74.     Defendants admit that the Census Bureau received an email from Plaintiff on July 21, 2020 and that more than 20 calendar days have passed since Census Bureau received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

75.     Defendants admit that the Census Bureau received an email from Plaintiff on August 13, 2020, and that more than 10 calendar days have passed since the Census Bureau received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

76.     Defendants admit that the Census Bureau emailed a letter to Plaintiff on September 11, 2020.  Defendants respectfully refer the Court to the September 11, 2020 email and letter for a full and accurate statement of their contents.  The allegations in the third sentence consist of Plaintiff legal conclusions, to which no response is required.  Defendants admit the allegations in the fourth sentence.

77.     Admit.

78.     This paragraph contains legal conclusions, to which no response is required.

79.     This paragraph contains legal conclusions, to which no response is required.

80.     Defendants admit that the Civil Rights Division received an email from Plaintiff on July 1, 2020.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the first and second sentences.  The third sentence contains legal conclusions, to which no response is required.

81.     Defendants admit that the Civil Rights Division emailed a letter to Plaintiff on July 13, 2020.  Defendants respectfully refer the Court to the July 13, 2020 email and letter for a full and accurate statement of their contents.

82.     Defendants admit that the Civil Rights Division received an email from Plaintiff on July 1, 2020, and that more than 10 calendar days have passed since the Civil Rights Division received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

83.     Defendants admit that the Civil Rights Division emailed a letter to Plaintiff on August 14, 2020, granting expedited processing.  Defendants respectfully refer the Court to the August 14, 2020 email and letter for a full and accurate statement of their contents.

84.     Defendants admit that the Civil Rights Division received an email from Plaintiff on July 1, 2020, and that more than 20 calendar days have passed since the Civil Rights Division received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  With regard to footnote 3, Defendants admit that July 3, 2020, was a federal holiday.

85.     Defendants admit that the Civil Rights Division had not released any responsive, non-exempt information as of the filing of the Compliant.  Defendants also admit that the Civil Rights Division has not reached a determination with regard to Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

86.     This paragraph contains legal conclusions, to which no response is required.

87.     This paragraph contains legal conclusions, to which no response is required.

88.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

89.     Defendants admit that the Office of Information Policy[1] ("OIP") sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

90.     Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020, and respectfully refer the Court to that letter for a full and accurate statement of its contents.

91.     Defendants admit that OIP, on behalf of the Office of the Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice acknowledged receiving Plaintiff's FOIA request on July 13, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

92.     Defendants admit that OIP, on behalf of the Office of the Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice denied Plaintiff's request

_____

[1]  OIP's Initial Request Staff is responsible for processing FOIA requests for records within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General, the Deputy Attorney General, and the Associate Attorney General, and the Offices of Legislative Affairs, Legal Policy, and Public Affairs.

for expedited consideration.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

93.     Defendants admit the allegations in the first sentence.  Defendants aver that OIP has subsequently advised Plaintiff that expedition has been granted.  Defendants admit that OIP has not reached a determination on Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

94.     This paragraph contains legal conclusions, to which no response is required.

95.     This paragraph contains legal conclusions, to which no response is required.

96.     Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

97.     Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

98.     Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

99.     Defendants admit that OIP, on behalf of the Office of the Associate Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice acknowledged receiving Plaintiff's FOIA request on July 13, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

100.     Defendants admit that OIP, on behalf of the Office of the Associate Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice denied

Plaintiff's request for expedited consideration.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

101.    Defendants admit the allegations in the first sentence.  Defendants aver that OIP has subsequently advised Plaintiff that expedition has been granted.  Defendants admit that OIP has not reached a determination on Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

102.    This paragraph contains legal conclusions, to which no response is required.

103.    This paragraph contains legal conclusions, to which no response is required.

104.    Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

105.    Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

106.    Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

107.    Defendants admit that OIP, on behalf of the Office of the Deputy Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice acknowledged receiving Plaintiff's FOIA request on July 13, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

108.    Defendants admit that OIP, on behalf of the Office of the Deputy Attorney General, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice denied

Plaintiff's request for expedited consideration.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

109.    Defendants admit the allegations in the first sentence.  Defendants aver that OIP has subsequently advised Plaintiff that expedition has been granted.  Defendants also admit that OIP has not reached a determination on Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

110.    This paragraph contains legal conclusions, to which no response is required.

111.    This paragraph contains legal conclusions, to which no response is required.

112.    Defendants admit that the Office of Legal Counsel received an email from Plaintiff on July 1, 2020.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the first and second sentences.  The third sentence contains legal conclusions, to which no response is required.

113.    Admit.

114.    Defendants admit that the Office of Legal Counsel sent a letter to Plaintiff on July 10, 2020, denying the Brennan Center's request for expedited processing.  Defendants respectfully refer the Court to the letter for a full and accurate statement of its contents.

115.    Defendants admit that the Office of Legal Counsel sent a letter to Plaintiff on July 10, 2020, in which the Office of Legal Counsel acknowledged receiving Plaintiff's FOIA request on July 1, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

116.    Defendants admit that the Office of Legal Counsel sent a letter to Plaintiff on September 4, 2020, granting the Brennan Center's supplemental request for expedited processing.  Defendants respectfully refer the Court to the letter for a full and accurate statement

of its contents.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

117.    Defendants admit that the Office of Legal Counsel had not released any responsive, non-exempt information as of the filing of the Compliant.  Defendants also admit that the Office of Legal Counsel has not reached a determination with regard to Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

118.    This paragraph contains legal conclusions, to which no response is required.

119.    This paragraph contains legal conclusions, to which no response is required.

120.    Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

121.    Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

122.    Defendants admit that OIP sent Plaintiff an acknowledgment letter dated July 23, 2020.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents.

123.    Defendants admit that OIP, on behalf of the Office of Legal Policy, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice acknowledged receiving Plaintiff's FOIA request on July 13, 2020.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

124.    Defendants admit that OIP, on behalf of the Office of Legal Policy, sent a letter to Plaintiff on July 23, 2020, in which the Department of Justice denied Plaintiff's request for

expedited consideration.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

125.    Defendants admit the allegations in the first sentence.  Defendants also admit that OIP has not reached a determination on Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

126.    This paragraph contains legal conclusions, to which no response is required.

127.    This paragraph contains legal conclusions, to which no response is required.

128.    Defendants admit that the Office of Management and Budget received an email from Plaintiff on July 10, 2020.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations in the first and second sentences.  The third sentence contains legal conclusions, to which no response is required.

129.    Defendants admit that the Office of Management and Budget received an email from Plaintiff on July 10, 2020, and that more than 10 calendar days have passed since the Office of Management and Budget received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

130.    Defendants admit that the Office of Management and Budget received an email from Plaintiff on July 10, 2020, and that more than 20 calendar days have passed since the Office of Management and Budget received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

131.    Defendants admit that the Office of Management and Budget received a letter from Plaintiff via email on August 13, 2020, and that more than 10 calendar days have passed since the Office of Management and Budget received the email.  The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

132.    Defendants admit the allegations in the first sentence.  Defendants also admit that the Office of Management and Budget has not released any responsive, non-exempt information to Plaintiff or reached a determination on Plaintiff's request for a fee waiver.  Defendants deny the remaining allegations in this paragraph.

133.    Defendants repeat and incorporate by reference their responses to paragraphs 1 to 132 of the Complaint.

134.    The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required,   Defendants respectfully refer the Court to 5 U.S.C. § 552(a)(6)(E)(ii)(I) for a full and accurate statement of its contents.

135.    Defendants admit that Plaintiff sought expedited processing of its FOIA requests. The remaining allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

136.    Defendants lack knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph.

137.    Admit.

138.    The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.

139.    Defendants repeat and incorporate by reference their responses to paragraphs 1 to 138 of the Complaint.

140.    The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. §§ 552(a)(6)(E)(i), (v) for a full and accurate statement of their contents.

141.    Admit.

142.    Defendants admit the allegations in the first sentence.   Defendants deny the allegations in the second sentence.

143.    Defendants deny that Commerce has not responded to Plaintiff's request for expedited processing.  Defendants admit that the Office of Management and Budget has not responded to Plaintiff's request for expedited processing.

144.    This paragraph contains legal conclusions, to which no response is required.

145.    Defendants repeat and incorporate by reference their responses to paragraphs 1 to 144 of the Complaint.

146.    The allegations in this paragraph consist of Plaintiff's legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. §§ 552(a)(6)(E)(i), (v) for a full and accurate statement of their contents.

147.    Admit.

148.    Defendants deny the allegations in the first sentence.  With regard to the second sentence, Defendants admit that the Civil Rights Division granted Plaintiff's request for expedited processing.  Defendants also admit that when the Civil Rights Division granted Plaintiff's request for expedited processing, it neither identified when it could release responsive, non-exempt information, nor has it released any such records.

149.    Defendants deny the allegations in the first sentence.  Defendants admit the allegations in the second sentence.  With regard to the third sentence, Defendants admit that the Office of Legal Counsel sent a letter to Plaintiff on September 4, 2020.  Defendants lack knowledge or sufficient information to form a belief as to the truth of the remaining allegations

in the third sentence, which uses terms that are vague or ambiguous.  Defendants admit that in its

September 4, 2020 letter, the Office of Legal Counsel neither identified when it could release

responsive, non-exempt information, nor has it released any such records.

150.   This paragraph contains legal conclusions, to which no response is required.

151.   Defendants repeat and incorporate by reference their responses to paragraphs 1 to

150 of the Complaint.

152.   The first and third sentences contain legal conclusions, to which no response is

required.  To the extent a response is deemed required, Defendants respectfully refer the Court to

5 U.S.C. §§ 552(a)(6)(A)(i), (a)(3)(A), for a full and accurate statement of their contents.  The

second sentence also contains legal conclusions, to which no response is required.  To the extent

a response is deemed required, Defendants respectfully refer the Court to *Citizens for*

*Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d a180, 188-89 (D.D.C.

2013), for a full and accurate statement of its contents.

153.   This paragraph contains legal conclusions, to which no response is required.  To

the extent a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C.

§ 552(a)(4)(A)(viii)(II)(aa), for a full and accurate statement of its contents.

154.   The allegations in this paragraph consist of legal conclusions, to which no

response is required.

155.   The allegations in the first sentence consist of Plaintiff's legal conclusions, to

which no response is required.  Defendants deny the allegations in the second sentence.

156.   This paragraph contains legal conclusions, to which no response is required.

157.   This paragraph contains legal conclusions, to which no response is required.

158.    Defendants repeat and incorporate by reference their responses to paragraphs 1 to 157 of the Complaint.

159.    This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. §§ 552(a)(4)(A)(i)-(ii) and 5 U.S.C. § 552(a)(4)(A)(iii), for a full and accurate statement of their contents.

160.    This paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to 5 U.S.C. § 552(a)(4)(A)(viii), for a full and accurate statement of its contents.

161.    The first sentence contains legal conclusions, to which no response is required. Defendants admit the allegations in the second sentence.

162.    Admit.

163.    Admit.

164.    This paragraph contains legal conclusions, to which no response is required.

165.    This paragraph contains legal conclusions, to which no response is required.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiff is not entitled to any relief.  Defendants also deny all allegations in the Complaint not expressly admitted or denied.

**DEFENSES**

FIRST DEFENSE

Some or all of Plaintiff's FOIA requests did not reasonably describe the records sought,

and Plaintiff therefore failed to exhaust administrative remedies.  *See* 5 U.S.C. § 552(a)(3)(A)(i).

SECOND DEFENSE

Some or all of the requested documents and information are exempt from disclosure.  *See*

5 U.S.C. § 552(b).

THIRD DEFENSE

Some of Plaintiff's claims regarding expedited processing are moot because the Civil

Rights Division and the Office of Information Policy have informed Plaintiff that they granted its

request for expedited consideration.  In addition, Commerce and the Census Bureau have

informed Plaintiff that they have granted Plaintiff's request for expedited processing with respect

to subparts 1-3 of Plaintiff's FOIA request.

FOURTH DEFENSE

Plaintiff is not entitled to remedies beyond what is provided for in the FOIA.  *See* 5

U.S.C. § 552.

Dated:  November 2, 2020      Respectfully submitted,

               JEFFERY BOSSERT CLARK
               Acting Assistant Attorney General

               MARCIA BERMAN
               Assistant Director


               */s/ Stephen M. Elliott*
               STEPHEN M. ELLIOTT (PA Bar# 203986)
               Senior Counsel (PA Bar No. 203986)
               United States Department of Justice
               Civil Division, Federal Programs Branch

1100 L St. NW
Washington, DC 20005
Tel:  (202) 353-0889
Fax:  (202) 616-8470
E-mail:  stephen.m.elliott@usdoj.gov


*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically transmitted the foregoing to the clerk of court for the United States District Court for the District of Columbia using the CM/ECF filing system.

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch