**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE<br> AT NYU SCHOOL OF LAW,<br><br> Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF<br> COMMERCE, *et al.*,<br><br> Defendants. | Civil Action No. 1:20-cv-02674-TJK |

**JOINT STATUS REPORT**

Plaintiff and Defendants, by their respective counsel, respectfully submit this Joint Status

Report pursuant to the Court's Order regarding Plaintiff's Motion for Preliminary Injunction dated

October 30, 2020 (Dkt 24).

Counsel for Plaintiff and Defendants met and conferred via telephone on November 4,

2020; November 6, 2020; November 9, 2020; and thereafter via email.  Plaintiff, Brennan Center

for Justice at NYU School of Law ("Brennan Center"), and Defendants U.S. Department of

Commerce; U.S. Census Bureau; the Office of Information Policy (which processes FOIA requests

for records within the Office of the Attorney General, Office of the Associate Attorney General,

Office of the Deputy Attorney General, and Office of Legal Policy), and Civil Rights Division of

the U.S. Department of Justice; and Office of Management and Budget ("Defendants") have

reached an agreement regarding the processing of parts 1-3 of Plaintiff's FOIA Requests and the

production of responsive, non-exempt records and the related *Vaughn* indices on a rolling basis by

January 11, 2021.  Plaintiff and Defendant Office of Legal Counsel of the U.S. Department of

Justice ("OLC") previously reached an agreement regarding the production of responsive, non-

exempt records and a related preliminary *Vaughn* index and OLC is therefore not a party to this agreement.  The terms of the agreement between Plaintiff and Defendants are as follows:

1. Defendants will produce responsive, non-exempt records to Plaintiff on a rolling basis on November 30, 2020; December 21, 2020; and January 11, 2021.  Defendants will produce *Vaughn* indices within four days of the November 30, 2020 and December 21, 2020 productions, respectively, and on January 11, 2021.

2.  Defendants will make a good faith effort to review an equal number of documents during each production cycle (*i.e.* between today and November 30, 2020; between December 1, 2020 and December 21, 2020; and between December 22, 2020 and January 11, 2020).

3. Defendants will prioritize review and production of documents potentially responsive to "part 2" of the FOIA Requests.  Defendant Census Bureau will also prioritize review and production of the custodial documents of four Census Bureau employees identified by Plaintiff: Nathaniel Cogley, Adam Korzeniewski, Benjamin Overholt, and Earl "Trey" Mayfield.

4. Defendants agree to provide an update accompanying each production containing information sufficient to show the following: the number of documents reviewed in the production cycle, the number of documents determined to be responsive in the production cycle, the number of documents that were released to Plaintiff in the production cycle, the number of documents that were withheld as exempt from production in the production cycle, the number of documents referred out for interagency consultation during the production cycle that have not yet been received back from the interagency partner, and the number of documents left for review by the Defendant.

5.  The Office of Information Policy may omit responsive draft legal filings for Census-related cases from their *Vaughn* indices.  Further, any cover emails sending or forwarding such draft filings without comment may be omitted from those Defendants' *Vaughn* indices.  Where emails sending or forwarding such draft filings contain text, they will be reviewed for responsiveness and, if responsive, produced or logged on the *Vaughn* indices, as necessary.

**PLAINTIFF'S STATEMENT**

The Brennan Center respectfully requests that the Court enter a schedule for summary judgment briefing at this time.  As recognized by this Court, the value of the information sought by Plaintiff Brennan Center will be materially lessened or lost by January 25, 2021.  With each passing day, the Brennan Center has less time to analyze the records and make the information they contain available for public discourse.  For this reason, during the parties' meet and confer conversations, counsel for the Brennan Center proposed a schedule by which the parties would have the opportunity to file two partial motions for summary judgment, if necessary.  The first partial motion would be filed after OLC's production on November 9, 2020 and the remaining Defendants' first productions on November 30, 2020.  The second partial motion would be filed after Defendants' final two sets of productions on December 21, 2020 and January 11, 2021.

Specifically, the briefing schedule for the first partial motion would have opening briefs filed by December 7, 2020; responses filed by December 14, 2020; and replies filed by December 18, 2020.  The briefing schedule for the second partial motion, which would take place after the Defendants' complete their productions on January 11, 2021, would have opening briefs filed by January 19, 2021; responses filed by January 26, 2021; and replies filed by February 1, 2021.  This schedule would not only ensure that the Court could resolve any argument on the merits of

3

Defendants' claimed FOIA exemptions for the first two productions well before January 25, 2021, but also that there is not excessive withholding of documents prior to the January 11, 2021 deadline for production.

In requiring that Defendants' produce rolling *Vaughn* indices by January 11, 2021, the Court recognized the unique nature of this case and the need for quick resolution of potential issues related to the withholding of documents. If, as the Defendants' request, the summary judgment process does not begin until some indeterminate point in the future after Defendants produce records responsive to "part 4" of the FOIA Requests, any victory would be meaningless as improperly withheld documents would have long become stale. Without accelerated briefing on the merits of the Defendants' FOIA exemptions, Plaintiff risks losing the opportunity to resolve any issues on improperly held responsive records before the value of those records is lost. For this reason, Plaintiff requests the Court to intervene and order the briefing schedule proposed by Plaintiff.

**DEFENDANTS' STATEMENT**

Defendants contend that this FOIA case should not proceed in a novel and inefficient manner that would require piecemeal briefing. Indeed, the merits briefing phase of the litigation should move forward in the ordinary fashion—the parties should file cross-motions for summary judgment only after Defendants have released all responsive, non-exempt information and Plaintiff has had an opportunity to determine what, if any, withholdings it intends to challenge. This should come after the Government has also finished its search for and processing of materials responsive to subpart 4 of Plaintiff's FOIA requests, which is not subject to the Court's October 30, 2020 Order. While the Court granted Plaintiff's request for a preliminary injunction in part for the processing and release of responsive, non-exempt information, such preliminary relief does not

4

entitle Plaintiff to an expedited, disjointed merits briefing schedule.  The normal briefing practice allows for one round of briefing on all of Plaintiff's challenges, rather than fragmented merits litigation that would require multiple rounds of briefs, declarations, and judicial decisions.

Practical considerations also warrant the Court adopting the traditional merits briefing approach.  Most if not all of the same agency personnel who are currently processing and releasing responsive, non-exempt information on an accelerated timetable are the same individuals who must also provide rolling preliminary indices.  And now under Plaintiff's approach, these same individuals would bear the additional burden of drafting at least two rounds of declarations and reviewing and providing comments on at least two rounds of merits briefing.

Finally, Plaintiff bases its proposal on pure speculation.  Plaintiff assumes that the Government will improperly withhold responsive information, which is unsupported conjecture that does not justify departing from the traditional, well-established merits briefing procedures. Defendants respectfully ask the Court to reject Plaintiff's unconventional and inefficient proposal.

Dated: November 9, 2020

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

/s/ Stephen M. Elliott
STEPHEN M. ELLIOTT
Trial Attorney (PA Bar No. 203986)
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

Respectfully submitted,

/s/  Patrick J. Carome
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

Caitlin W. Monahan*
Mikayla C. Foster*
Rieko H. Shepherd*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109

*Counsel for Defendants*

(617) 526-6000
Caitlin.Monahan@wilmerhale.com
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Jared.Grubow@wilmerhale.com

*\* Pro hac vice*

*Counsel for Plaintiff the Brennan Center for
  Justice at NYU School of Law*

6