**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW, )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, )<br><br>Defendants. ) | Civil Action No. 1:20-cv-02674-TJK |

**JOINT STATUS REPORT**

Plaintiff and Defendants, by their counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Orders of November 12, 2020 and December 4, 2020.  The parties provide the following update:

1. Defendant Commerce Department ("Commerce") advised Plaintiff that it has divided its potentially responsive materials into three roughly proportional tranches of email threads, one of which Commerce created to accommodate Plaintiff's request for prioritization of certain custodians.  In connection with its first tranche of review and production, the tranche prioritized by Plaintiff, Commerce advised Plaintiff on November 30, 2020 that it had reviewed 1,164 records.  As a result of that review, Commerce on December 1, 2020 produced 175 responsive records in full, produced redacted portions of 63 responsive records, and advised Plaintiff that it had withheld in full 214 responsive records.  Commerce further advised Plaintiff that it is consulting with other government agencies regarding the potential release of 457 documents.  Commerce stated that it has

14,567 potentially responsive records left to process, and that this figure takes into account a disproportional number of email attachments included with the second and third tranches of email threads.

2. In connection with its first tranche of review and production, Defendant Census Bureau advised Plaintiff on November 30, 2020 that it had reviewed 525 pages of potentially responsive records that its searches have located. As a result of that review, the Census Bureau on November 30, 2020 produced 98 pages of responsive, non-exempt records in full and redacted portions of 427 pages of responsive records. On December 9, 2020, the Census Bureau advised Plaintiff that notwithstanding good faith efforts by the Census Bureau to conduct a reasonable search for responsive materials at the outset, the Census Bureau determined after further consultation with the subject matter experts that it was necessary to revise its initial search. As a result of this revised search, the Census Bureau stated that it still has approximately 2,200 potentially responsive records left to process.

3. In connection with its first tranche of review and production, Defendant Office of Information Policy ("OIP") advised Plaintiff on December 1, 2020 that it had reviewed all 581 pages of potentially responsive records that its searches have located. As a result of that review, OIP on December 1, 2020 produced redacted portions of 283 pages of records and withheld in full 291 pages of responsive records. OIP previously produced, on October 29, 2020, 20 pages of responsive, non-exempt records. OIP has stated that it has completed its review.

4. In connection with its first tranche of review and production, Defendant Office of Management and Budget ("OMB") advised Plaintiff on November 30, 2020 that it reviewed 400 potentially responsive records out of a universe of 1,167 potentially

responsive records that its searches have located.  As a result of that review, OMB on November 30, 2020 produced redacted portions of 18 responsive records and withheld in full 11 responsive records.  OMB has stated that it has 767 potentially responsive records left to review.

5. On November 12, 2020, Defendant Civil Rights Division stated that it has completed its review and informed Plaintiff that it has no responsive records.

6. Defendant OIP advised Plaintiff that it referred 7 pages of information to the Office of Legal Counsel ("OLC"), and on November 30, 2020, OLC informed Plaintiff that these materials are duplicative of those processed in its November 9 response and would continue to be withheld in full based upon a claim of Freedom of Information Act Exemption 5.

7. On December 4, 2020, the Census Bureau, Commerce, OIP, and OMB provided to Plaintiff indices pertaining to records that those agencies withheld in whole or in part.  As reflected below, the parties disagree whether these indices are sufficiently informative and detailed to qualify as the *Vaughn* indices that this Court, in its Orders of October 22 and November 12, 2020, directed Defendants to produce.

8. Counsel for Plaintiff have reviewed the produced records and indices and are consulting with counsel for Defendants on questions related to withholdings.

## PLAINTIFF'S STATEMENT

In its order granting in part Plaintiff's motion for a preliminary injunction, this Court stated that "this is the rare case where after a date certain, the value of the information sought by the Brennan Center to inform the public about these matters would be materially lessened or lost." Mem. Op. (October 30, 2020) at 15.  Accordingly, this Court ordered Defendants to produce, on a

rolling basis, records responsive to Parts 1–3 of Plaintiff's FOIA Requests and corresponding *Vaughn* indices by January 11, 2021.[1]  *Id.* at 22.  This Court then adopted, in its November 12, 2020 Minute Order, the parties' agreed-upon production schedule, which required Defendants to make a good faith effort to review an equal number of documents during each of three production cycles.  Under the court-approved agreement, *Vaughn* indices were to be produced within four days of the first two productions (i.e., by December 4, 2020 and December 25, 2020) and on January 11, 2021.  This schedule was set to ensure that Plaintiff will have enough time to analyze and disseminate the information to the public before the value to the public of this information was materially lessened or lost by January 25, 2021 (the date the Clerk of the House of Representatives is supposed to inform each State of the number of Representatives to which it is entitled).

Defendants' initial round of productions, which were made on November 30, 2020 and December 1, 2020, reflected extensive withholding of responsive records, with numerous records withheld in full and with nearly all of the records that were produced in part subject to extremely heavy redactions.[2]  Defendants' asserted basis for most of their withholding is the deliberative process privilege embodied in FOIA Exemption 5, 5 U.S.C. § 552(b)(5).  Plaintiff is concerned that at least some of this withholding is grossly excessive.

The indices that Defendants provided to Plaintiff on December 4, 2020 as purported explanations for their extensive withholdings are wholly inadequate.  They do not amount to the "*Vaughn* indices" that this Court mandated, and they do not come close to providing sufficient

---

[1] Contrary to Defendants assertions below, this Court did not order merely "**preliminary**" *Vaughn* indices.

[2] Defendants note below that the Commerce Department released over 22,200 pages of responsive, non-exempt information.  This number, however, requires some context.  More than 16,600 pages in the production are of the same 1,853-page long notice and request for comment and comment submissions, which the Commerce Department included 9 times in production.

justification for the voluminous withholdings.  For example, the Census Bureau blacked out with *full-page* redactions approximately 390 pages of its 525-page production, making it impossible for Plaintiff or the Court to understand either the context of the information redacted or to assess the legitimacy of the withholding.  The Census Bureau's index sheds virtually no light on these full-page redactions, as it does not consistently provide the subject matter of the redactions, date of the document or communication, or identification of individuals who sent or received the communication.  Nor does the Census Bureau index contain the basic sorts of explanatory detail necessary to justify its wholesale withholdings based on claims of the deliberative process privilege, such as an identification of the particular decision-making process to which the withheld material pertains, substantiation that the record is pre-decisional, substantiation that the withheld material is deliberative in nature, substantiation that disclosure would injure agency decision-making, and substantiation that no segregable factual information has been withheld.  *Nat'l Sec. Archive v. C.I.A.*, 859 F. Supp. 2d 65, 69–70 (D.D.C. 2012), aff'd, 752 F.3d 460 (D.C. Cir. 2014) (explaining that agencies seeking to withhold material based on the deliberative process privilege and Exemption 5 must show that (1) the material was generated before the adoption of an agency policy, (2) the material reflects "the give-and-take of the consultative process," and (3) "disclosure would cause injury to the decision-making process."); *Animal Legal Def. Fund, Inc. v. Dep't of Air Force*, 44 F. Supp. 2d 295, 299 (D.D.C. 1999) ("The need to describe each withheld document when Exemption 5 is at issue is particularly acute because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process.") (quotations and citations omitted).

Defendant's failure to produce adequate *Vaughn* indices to explain and justify their extensive withholding of requested records is extremely problematic.  Adequate *Vaughan* indices

are essential to enable Plaintiff and the Court to assess and evaluate whether Defendants' claims

of exemption are lawful. "[T]he underlying purpose of the *Vaughn* index is to permit the District

Court to make a rational decision whether the withheld material must be produced without actually

viewing the documents themselves." *Dellums v. Powell*, 642 F.2d 1351, 1360 (D.C. Cir. 1980).

As a result, "[s]pecificity is the defining requirement of the *Vaughn* index." *McGhee v. Dep't of

Justice*, 800 F. Supp. 2d 220, 237 (D.D.C. 2011). Further, this Court's precedent makes clear that

an adequate *Vaughn* index typically must include at least the following information:

> (1) an index identification number (i.e., a Bates stamp number); (2) the document's
> subject; (3) its date; (4) the author; (5) the recipient; (6) the total number of pages;
> (7) the disposition (that is, whether entirely or partially withheld); (8) the reason for
> being withheld; (9) the statutory authority for the withholding; and (10) the number
> of pages containing withheld information.

*Center for Biological Diversity v. Env't Prot. Agency*, 279 F. Supp. 3d 121, 144 (D.D.C. 2017)

(citing *Judicial Watch, Inc. v. Food & Drug Admin*, 449 F.3d 141, 146-47 (D.C. Cir. 2006)). The

indices produced by Defendants do not even begin to meet these requirements. For example,

OMB's index states only "Deliberative Process" as the *entire* explanation for its determinations

regarding all 26 documents it withheld in full or in part based on Exemption 5. The Commerce

Department does not provide the subject matter for documents withheld in full based on an

assertion of deliberative process privilege. Nor does the Commerce Department explain how it is

that each of the documents withheld in full does not contain any segregable, non-exempt

information, which of course must be disclosed under the FOIA. *See* 5 U.S.C. §

552(a)(8)(A)(ii)(II). And while the Census Bureau's index purports to address the question of

segregable non-exempt information, it does so only in the most conclusory terms, using precisely

the same boilerplate language for every document withheld based on Exemption 5. This is

particularly troublesome, given the clear case law that agencies must take care, particularly when

asserting the deliberative process privilege, to segregate and disclose factual information and similar background wherever possible. *See Wilderness Soc. v. Dep't of Interior*, 344 F. Supp. 2d 1, 18 (D.D.C. 2004) ("The adequacy of the *Vaughn* index in regards to the segregability question turns on whether the agency has sufficiently explained why there was no reasonable means of segregating factual material from the claimed privileged material.").

Counsel for Plaintiff is actively communicating with counsel for Defendants to gain a better understanding of Defendants' withholdings and related issues. Plaintiff is hopeful that the parties will be able to come to a resolution of at least some of these issues without the Court's assistance. If that is not possible, Plaintiff will inform the Court and seek further relief as appropriate.

## DEFENDANTS' STATEMENT

Defendants continue to steadfastly adhere to the Court's order and the parties' agreement. As described above, Defendants processed and released a high volume of materials on November 30 and December 1, 2020. Indeed, Commerce alone released over 22,200 pages of responsive, non-exempt information. In addition, Defendants provided Plaintiff preliminary *Vaughn* indices in an effort to help the parties eliminate potential areas of dispute and avoid unnecessary litigation. And OLC, the Civil Rights Division, and OIP have all provided their final responses well in advance of the Court's January 11, 2021 deadline. Defendants reiterate that they remain committed and on pace to finish their releases of all responsive, non-exempt information by the January 11, 2021 deadline.

In addition, the preliminary *Vaughn* indices provided by Defendants adhere to the Court's order and provide Plaintiff an adequate opportunity to assess the withholdings and challenge the

propriety of Defendants' redactions.[3]  Plaintiff has not articulated to Defendants any basis, beyond mere speculation, for why it "is concerned that at least some of this withholding is grossly excessive."  By way of example, Plaintiff expresses concern about Defendants' withholding of information pursuant to the deliberative process privilege, yet its FOIA requests seek documents about Executive Order 13808 that would inherently involve deliberative, pre-decisional materials.

Further, many of the same individuals responsible for processing, redacting, and releasing such a large volume of responsive materials on an accelerated timetable are the same individuals responsible for creating the preliminary *Vaughn* indices.  In the event this case proceeds to summary judgement briefing, Defendants reserve their right to augment the preliminary *Vaughn* indices to defend the appropriateness of their withholdings.

Finally, Defendants are ready and willing to discuss particular withholdings with Plaintiff and, if appropriate, reassess the respective agency decisions.

Dated: December 9, 2020

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW

Respectfully submitted,

*/s/ Patrick J. Carome*
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

Caitlin W. Monahan*
Mikayla C. Foster*
Rieko H. Shepherd*

---

[3] Defendants use the term "preliminary" to differentiate between the indices being provided to Plaintiff at this time and the final indices that will be provided to defend the government components during the summary judgment phase of litigation, if necessary.

Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Caitlin.Monahan@wilmerhale.com
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Jared.Grubow@wilmerhale.com

*\* Pro hac vice*

*Counsel for Plaintiff the Brennan Center for
 Justice at NYU School of Law*