## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-02674-TJK |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT STATUS REPORT

Plaintiff and Defendants, by their counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order of December 14, 2020.  The parties provide the following update:

### JOINT STATEMENT OF THE PARTIES

Commerce Department

1. Following the first tranche of review and production, Plaintiff requested on December 15, 2020 that Defendant Commerce Department ("Commerce") revise 18 *Vaughn* index entries so as to make them more detailed and specific.  Commerce has agreed to reassess these *Vaughn* index entries and provide a revised index.

2. On December 21, 2020, Commerce advised Plaintiff that its second tranche of review encompassed a total of 7,262 records.  As a result of that review, Commerce on December 21 produced 109 responsive, non-exempt records in full, produced redacted portions of 57 responsive records, and advised Plaintiff that it had withheld in full 179 responsive records.

1

Commerce stated that it deemed all of the 7,068 other documents that were the subject of its second tranche review to be non-responsive.  Commerce further advised Plaintiff that it had reached a final determination for 159 of 457 records from the first tranche that were pending consultation with other agencies.  Commerce also stated that, as of December 21, it had 7,305 potentially responsive records left to review and that 394 documents were pending other agency consultation.  On December 23, 2020, Commerce provided a *Vaughn* index pertaining to the newly withheld information.

Census Bureau

3.  Following the first tranche of review and production, Plaintiff requested on December 15, 2020 that Defendant Census Bureau revise 44 *Vaughn* index entries so as to make them more detailed and specific.  The Census Bureau has agreed to reassess these *Vaughn* index entries and provide a revised index.

4.  On December 21, 2020, the Census Bureau advised Plaintiff that its second tranche of review encompassed a total of 2,385 records, that it had determined that 2,300 of those records were not responsive to Plaintiff's FOIA Request, and that it was consulting with other government agencies regarding the potential release of the remaining 85 records.  The Census Bureau has not produced any records or a *Vaughn* index stemming from its second tranche of review because the only records it deemed to be responsive remain with other government agencies for consultation.

5.  As noted in the previous Joint Status Report, the Census Bureau advised Plaintiff on December 9, 2020 that, as of that date, it had approximately 2,200 potentially responsive records left to process.  On December 21, 2020, the Census Bureau stated that, as of that date, the number of potentially responsive records that remained to be processed was 8,541.

The Census Bureau stated that the number of potentially responsive records increased between December 9 and December 21, 2020, because the Census Bureau determined that it needed to conduct an additional search for responsive records.

OMB

6. On December 18, 2020, Defendant Office of Management and Budget ("OMB") advised Plaintiff that its second tranche of review encompassed a total of 767 records.  As a result of that review, OMB determined that 766 records were non-responsive and produced one responsive, non-exempt record in full.  OMB has stated that it has completed its review.

Department of Justice Defendants

7. The Defendants from the Department of Justice—i.e., the Civil Rights Division, the Office of Legal Counsel, and Office of Information Policy ("OIP")—have taken the position that their searches, reviews, and productions have been completed.

Ongoing Activity

8. Commerce and Census Bureau must produce all remaining responsive, non-exempt records and provide *Vaughn* indices for their last tranche of production by January 11, 2021 pursuant to the Court's Minute Order of November 12, 2020.

9. Counsel for Plaintiff have reviewed all produced records and indices and are consulting with counsel for Defendants on outstanding questions related to exemptions, withholdings, and the volume of potentially responsive documents that Defendants have ultimately deemed to be non-responsive.

**PLAINTIFF'S STATEMENT**

The Census Bureau has advised the public that it is currently tabulating and verifying the final results of the 2020 Census and planning to deliver to the President, the state-population totals

that are to be used for apportionment, "[a]s close to December 31, 2020 as possible." *Important Dates*, CENSUS BUREAU, https://2020census.gov/en/important-dates.html (last visited Dec. 30, 2020). As this Court stated, "the debate … may *intensify* after December 31, even as it pivots toward the roles of the President and Congress in the process." Mem. Op. (October 30, 2020) at 18. It is thus crucial that the Plaintiff receive complete responses and adequate *Vaughn* indices to Parts 1-3 of its FOIA Requests by the Court-set date of January 11, 2021, before the records at issue become stale.

As Plaintiff reported in the last status report (submitted on December 10, 2020), Defendants' first tranche of productions "reflected extensive withholding of responsive records," "heavy redactions," and "wholly inadequate" *Vaughn* indices. Dkt. 29, at 4. On December 15, 2020, Plaintiff requested additional information from Defendants for the *Vaughn* index entries corresponding to the numerous documents that Defendants withheld in full or very heavily redacted based on assertions of the deliberative process privilege and the presidential communications privilege. Defendants OMB and OIP provided some supplementary explanations on December 22, 2020, but Commerce and the Census Bureau have not yet provided any of the requested supplementation. Plaintiff's outstanding requests for supplementation asked Commerce to revise index entries for 18 records and the Census Bureau to revise index entries for 44 records. Plaintiff explained that the revised Commerce and Census Bureau's entries should:

> [E]nable Plaintiff to understand the subject matter of the document in question, the date of the document or communication, the identity of individuals who sent or received the communication, identification of the particular decision-making process to which the withheld material pertains, substantiation that the record is pre-decisional, substantiation that the withheld material is deliberative in nature, substantiation that disclosure would injure agency decision-making, and substantiation that no segregable factual information has been withheld. Further, Plaintiff asks that Commerce re-assess whether there is segregable information in these documents which should be produced, and if so, produce it.

4

In other words, Plaintiff asked for what this Court has previously identified as minimal requirements for an adequate *Vaughn* index. *See Center for Biological Diversity v. Env't Prot. Agency*, 279 F. Supp. 3d 121, 144 (D.D.C. 2017) (identifying at least 10 requirements for an adequate *Vaughn* index entry).

In addition to not yet providing any supplementation for its insufficient *Vaughn* indices relating to the records encompassed in the first tranche, Commerce has created the same sorts of problems in its second tranche of review and production. Commerce has continued to engage in wholesale withholding of many records—often redacting entire pages of information—making it impossible for Plaintiff or the Court to understand either the context of the information redacted or to assess the legitimacy of the withholding, and accompanied those *full-page* redactions with wholly inadequate *Vaughn* index entries. Commerce's *Vaughn* index continues to be void of subject matters, dates, identities of individuals sending or receiving communications, the particular decision-making process to which the withheld material pertains, substantiation that the record is pre-decisional, substantiation that the withheld material is deliberative in nature, substantiation that disclosure would injure agency decision-making, or substantiation that no segregable factual information has been withheld. Because Commerce has not seen fit to improve upon its *Vaughn* indices from its first production, Plaintiff has requested adequate *Vaughn* justifications for an additional 21 records.

## DEFENDANTS' STATEMENT

As previously stated, Defendants continue to adhere to the Court's order and the parties' agreement. OLC, the Civil Rights Division, OIP, and OMB have all provided their final responses well in advance of the Court's January 11, 2021 deadline. Commerce and the Census Bureau have made good faith attempts to process a roughly equal number of documents for each release, and

they remain committed and on pace to finish their releases of all responsive, non-exempt information by the January 11, 2021 deadline.

With regard to the preliminary Vaughn indices, each government component provided indices by the agreed upon date in an effort to help the parties eliminate potential areas of dispute and avoid unnecessary litigation.  While the substance of the preliminary Vaughn indices should afford Plaintiff with sufficient information to assess the propriety of the withholdings, in some instances more information cannot be shared given the nature of the privilege being asserted in the document.  Defendants also reserve their right to augment the preliminary Vaughn indices to defend the appropriateness of their withholdings in the event the case advances to the summary judgment phase of litigation.

At Plaintiff's request, Defendants have agreed to reassess certain aspects of the preliminary Vaughn indices.  On December 22, 2020, OMB and OIP responded to Plaintiff's inquiries regarding their respective preliminary Vaughn indices.  Commerce and the Census Bureau have likewise agreed to reassess specific index entries identified by Plaintiff.  To the extent there has been any delay from Plaintiff's perspective, Commerce and the Census Bureau were prioritizing their resources to meet the December 21 document release deadline; Plaintiff provided the second round of specific index entries only two days ago.  Commerce and the Census Bureau remain open to working with Plaintiff to discuss particular withholdings to avoid unnecessary disputes, and they will respond to Plaintiff's current requests as soon as practicable.

Dated: December 30, 2020

JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

/s/ Stephen M. Elliott
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

/s/ Patrick J. Carome
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

Caitlin W. Monahan*
Mikayla C. Foster*
Rieko H. Shepherd*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Caitlin.Monahan@wilmerhale.com
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Jared.Grubow@wilmerhale.com

* *Pro hac vice*

*Counsel for Plaintiff the Brennan Center for
 Justice at NYU School of Law*

7