**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRENNAN CENTER FOR JUSTICE,

   *Plaintiff*,

     v.

UNITED STATES DEPARTMENT
OF COMMERCE, *et al.*,

   *Defendants*.

Case No. 1:20-cv-02674 (TJK)

**DEFENDANTS' UNOPPOSED MOTION FOR AN EXTENSION OF TIME**

Defendants the Department of Commerce and the Census Bureau (collectively, "Defendants") hereby respectfully ask the Court for a modest extension of time to finish processing all records responsive to parts 1-3 of the Freedom of Information Act ("FOIA") request submitted by Plaintiff Brennan Center ("Plaintiff").[1] The Census Bureau released responsive, non-exempt records on January 6, 2021, and Defendants will release more responsive, non-exempt documents to Plaintiff on January 11, 2021. *See* Ex. A, Decl. of Vernon E. Curry ¶ 11; Ex. B, Decl. of Allyson Deitrick ¶ 11. Defendants, however, cannot complete processing all responsive materials by the Court's January 11 deadline. As discussed in more detail below, good cause exists for the Court to grant Defendants' first request for an extension of time.

On October 30, 2020, this Court granted in part Plaintiff's motion for a preliminary injunction. The Court required "Defendants to process most of the Brennan Center's requests and produce Vaughn indices on a rolling basis to be completed by January 11, 2021[.]" Mem. Op.,

---

[1] The other defendants in this case—the Department of Justice's Office of Information Policy, Civil Rights Division, and Office of Legal Counsel, as well as the Office of Management and Budget—have already met the January 11, 2021 deadline by providing final responses to Plaintiff's FOIA requests.

1

ECF No. 25, at 1.  The Court did not agree with Plaintiff's contention that the information sought would be stale when "the Secretary of Commerce . . . report[s] state-population totals to the President" by December 31, 2020, as required by 13 U.S.C. § 141(b).  *Id.* at 3, 18.  Rather, the Court held that Plaintiff demonstrated that it would suffer irreparable harm if Defendants did not finish processing all materials potentially responsive to parts 1-3 of its FOIA request in advance of the January 25, 2020 date when "the Clerk of the House of Representatives must 'send to the executive of each State a certificate of the number of Representatives to which such State is entitled.'"  *Id.* at 3, 17-18.  As a result, the Court ordered Defendants to release all responsive, non-exempt records by January 11, 2020.

The Census Bureau respectfully requests a modest extension of the January 11, 2021 deadline.  As directed by the Court, the Census Bureau conducted an initial search for all potentially responsive documents, and after its initial search, it did not foresee any problem with meeting the January 11 deadline.  Ex. A, Decl. of Vernon E. Curry ¶ 5.  But in the course of conducting its review, the Census Bureau determined on two occasions to expand the scope of its search to include the records of additional custodians.  *Id.* at ¶¶ 7-8.  Indeed, the Census Bureau determined after the initial expanded search that in order to capture all potentially responsive documents and provide Plaintiff with the results of a more comprehensive search, it needed to review the records of over 50 additional custodians.  *Id.* at ¶ 8.  Even after the Census Bureau obtained the results of the second expanded search, it still anticipated at the time that it could meet the January 11 deadline.  However, it has now become apparent that the sheer volume of records that must be reviewed, at the very least for responsiveness, prevents the Census Bureau from finishing its review by January 11, 2021.  *Id.* at ¶¶ 10-11.  Accordingly, the Census Bureau respectfully asks the Court for a 10-day extension of the January 11, 2021 deadline.

The Department of Commerce likewise seeks a short extension of time to complete its review and processing of all responsive, non-exempt records. Imminent deadlines in *National Urban League, et al. v. Ross, et al.*, No. 20-cv-5799 (N.D. Cal. Jan. 04, 2021) ("*NUL*"), forced the Department of Commerce to temporarily reassign the personnel who were initially allocated to review records potentially responsive to Plaintiff's FOIA request.[2] Ex. B, Decl. of Allyson Deitrick ¶ 5. On December 10, 2020, all of the personnel who had been reviewing potentially responsive documents in the instant matter were reassigned to the *NUL* case. *Id.* In response, the Department of Commerce took proactive measures to identify additional personnel within the agency to continue its best efforts to meet the January 11, 2021 deadline. *Id.* at ¶¶ 6-7. However, most of these new personnel could not obtain access to the document review platform in a timely manner. This unforeseen administrative obstacle occurred because federal contracting and appropriations law required the Department of Commerce to perform a contract modification to obtain new licenses. *Id.* at ¶ 7. Because of the temporary shift in resources, the Department of Commerce respectfully seeks a 10-day extension of time to finish processing and releasing responsive, non-exempt documents. *Id.* at ¶ 10.

The modest extension of time will not prejudice Plaintiff.[3] The Census Bureau originally intended to deliver state population totals to the Secretary of Commerce (for subsequent transmission to the President) by December 27, 2020. *See* Ex. C, Defs.' Response to Pls.' First Set of Interrog. at 7-8. While subject to change, as of December 29, 2020, "the Census Bureau's current best estimate[]" for when it will deliver population counts to the Secretary of Commerce is February 9, 2021. *Id.* And "as discussed during the January 4 [*NUL*] status conference, the

---

[2] Plaintiff "is counsel for several plaintiffs in" *NUL*. *See* Mot. for Prelim. Inj., ECF No. 12, at 7.

[3] There are no other deadlines that would be affected by the instant request for an extension of the January 11, 2021 deadline.

Census Bureau has recently discovered additional anomalies, which it currently anticipates may further delay the delivery of its counts[.]" *Id.* at 8; *see also* "New delay in census process probably ends Trump's plan to exclude undocumented immigrants from apportionment," Brittany Renee Mayes and Tara Bahrampour, Washington Post (Jan. 06, 2021, *available at* https://www.washingtonpost.com/dc-md-va/2021/01/06/census-delay-trump-undocumented-apportionment/ ("[I]n a court hearing discovered anomalies in the data mean the [state population] counts won't be ready until after Feb. 9."). Thus, the delay expressed in the Census Bureau's current best estimate means that Plaintiff will likely not be prejudiced by the requested 10-day extension of the January 11, 2021 deadline.

In sum, good cause exists for a 10-day extension of time until January 21, 2021, for the Department of Commerce and the Census Bureau to finish processing all potentially responsive records, release all responsive, non-exempt information, and provide the final Vaughn index. Defendants apologize for any inconvenience this delay may cause the Court or Plaintiff.

Pursuant to Local Rule 7(m), undersigned counsel contacted Plaintiff's counsel to determine Plaintiff's position regarding this extension motion. Plaintiff's counsel informed undersigned counsel that Plaintiff does not oppose this motion, provided that Defendants make another interim release on January 11, 2021, which, as previously stated, they intend to do.

//

//

//

//

Dated: January 7, 2021                          Respectfully submitted,

                                                           JEFFERY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel:  (202) 353-0889
E-mail:  stephen.m.elliott@usdoj.gov

*Counsel for Defendants*