UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>Defendants. | Civil Action No. 1:20-cv-02674-TJK |

**JOINT STATUS REPORT**

Plaintiff and Defendants, by their counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order of January 26, 2021.

<u>Joint Statement of the Parties</u>

The parties jointly provide the following update:

1. On January 21, 2021, Defendant Department of Commerce completed its document production responsive to parts 1-3 of the FOIA request. Along with that production, Defendant produced a *Vaughn* index. Of the total of 332 responsive documents that Defendant Department of Commerce identified during the course of this case, it produced 57 in full. It produced 122 documents with redactions based on assertions of various privileges—including the deliberative process privilege and/or attorney client or work product privileges under FOIA exemption 5—as well as assertions of personal privacy under FOIA exemption 6. The Department of Commerce entirely withheld 153 documents, stating that there is no reasonably segregable non-exempt information that can be disclosed.

1

2. On January 25, 2021, Defendant Census Bureau completed its document production responsive to parts 1-3 of the FOIA request and provided additional information in response to challenges Plaintiff previously made to its withholding of certain records. On January 25, 2021, Defendant Census Bureau provided a *Vaughn* index that covered its final production. On that same date, Defendant Census Bureau also produced 6 documents it initially withheld in full, but which were later determined to already be in the public domain. The Census Bureau's *Vaughn* index was divided into two parts: part one addressed 77 documents it withheld in part; part two addressed 366 documents it withheld in full.

3. On February 2, 2021, via email, counsel for Plaintiff informed counsel for Defendants that its client was in the process of identifying *Vaughn* index entries about which it had questions. Counsel for Plaintiff told counsel for Defendants that they will aim to get their client's outstanding questions to the Government as quickly as possible.

4. On February 19, 2021, via email, counsel for Defendants reinitiated the conversation to ask whether Plaintiff intends to challenge any of Defendants' determinations to withhold all or part of responsive records and whether Plaintiff wishes to continue to pursue materials responsive to subpart 4 of the FOIA request, which was not subject to the preliminary injunction issued by the Court. *See* Dkt. Nos. 24, 25.

5. On February 23, 2021, via email, counsel for Plaintiff identified 174 documents (1) that are being withheld in part or in full based only an assertion of the deliberative process privilege by the Census Bureau or the Department of Commerce. Of those documents, 111 were withheld by the Department of Commerce and 63 were withheld by the Census Bureau. That email asked that the Census Bureau and Department of Commerce reassess the withholding or redaction of this subset of documents. That email also advised Defendants that Plaintiff is continuing to

consider whether to move forward with pursuing documents responsive to subpart 4 of its FOIA request.

6.      Counsel for the parties continue to discuss a resolution for the case and request to file another Joint Status Report in 30 days, on March 26, 2021, by which point Defendants expect at this time they will have had an opportunity to review and reconsider their continued withholding of the contents of the 174 documents identified by Plaintiff, and Plaintiff expects it will have a decision as to whether it still wishes to obtain documents responsive to part 4 of its FOIA requests. At that point, the parties will hopefully be in a position to provide a proposal to the Court on how the case should proceed, if needed.

Plaintiff's Additional Statement

Plaintiff offers the following additional observations:

Defendants' *Vaughn* indices remain woefully inadequate and reflect what appears to be excessive withholding of responsive records. In fact, the vast majority of documents produced by Defendants had some form of redaction, not to mention that nearly half of the documents Defendants identified as responsive were withheld in full. Defendants continue to treat documents as falling, on a wholesale basis, into the abyss of the deliberative process privilege, while providing only boilerplate descriptions in the *Vaughn* indices to support this extensive withholding. Plaintiff reiterates its statements made in its previous Joint Status Reports filed with the Court, *see generally* Dkt. 30, at 4-7—Defendants indices "do not come close to providing sufficient justification for the voluminous withholdings." In addition, throughout the pendency of this litigation, Defendants consistently referred to their *Vaughn* indices as "preliminary," yet they have made no efforts of which Plaintiff is aware to prepare and provide the "final" *Vaughn* indices that the Court's preliminary injunction order enjoined them to provide.

Plaintiff is cognizant of the changed landscape underlying this litigation. The state population totals used for apportionment were not produced under the previous administration, and President Biden took action to revoke President Trump's executive order that sought to exclude certain undocumented residents from the apportionment count. *See* Exec. Order No. 13986, 86 Fed. Reg. 7015 (Jan. 20, 2021). Nevertheless, a full accounting of the prior administration's secret and controversial activities relating to the 2020 Census is necessary to provide transparency to the public and to guard against any harms to the public that may otherwise flow from those activities. And the urgency to receive these records has not fully subsided, as Defendants contend. For example, information uncovered by these FOIA requests may prove informative for the next round of state redistricting, which is set to begin on or soon after September 30, 2021. Plaintiff has asked Defendants to reassess only documents that are being withheld based on broad assertions of deliberative process, which should not be allowed to "swallow FOIA entirely," as it appears Defendants have initially done. *See Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1228 (10th Cir. 2007). Plaintiff remains hopeful that Defendants will reconsider their extensive withholdings in good faith with an eye towards much greater transparency.

Defendants' Additional Statement

Defendants stand ready and willing to work with Plaintiff to narrow, or eliminate, the remaining issues in dispute with regard to the large volume of non-exempt materials that the various government agencies reviewed and ultimately released to Plaintiff. That said, Defendants disagree with Plaintiff's unsupported assertion that the draft *Vaughn* indices "remain woefully inadequate."

In addition, Plaintiff is incorrect that Defendants have any obligation to provide "final" *Vaughn* indices prior to the commencement of summary judgement briefing. While the Court's October 30, 2020 opinion did not characterize the required *Vaughn* indices as "preliminary" or "drafts" as the Government ordinarily uses those terms in this context, it certainly did not require Defendants to provide "final" *Vaughn* indices on any particular timetable. *See* Mem. Op., ECF No. 20; *see also* Joint Status Report, ECF No. 29, at 8 n.3 (explaining that the Defendants use the term "preliminary" to differentiate between interim indices and the final indices that will be provided to defend the government components during the summary judgment phase of litigation, if necessary).

As Plaintiff noted, the President executed E.O. 13986 on January 20, 2021, revoking E.O. 13880 (Collecting Information About Citizenship Status in Connection With the Decennial Census), and the Presidential Memorandum of July 21, 2020 (Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census). The basis for issuing a preliminary injunction has therefore subsided. Defendants will promptly review Plaintiff's most recent demand for the release of information Defendants initially deemed exempt and, if amenable to the Court, work collaboratively with Plaintiff to file a joint status report within 30 days.

Dated: February 24, 2021

Respectfully submitted,

MICHAEL D. GRANSTON
DEPUTY ASSISTANT ATTORNEY
GENERAL

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)

*/s/ Patrick J. Carome*
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

Mikayla C. Foster*
Rieko H. Shepherd*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Jared.Grubow@wilmerhale.com

* *Pro hac vice*

*Counsel for Plaintiff the Brennan Center for
  Justice at NYU School of Law*