# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, <br><br> Defendants. | Civil Action No. 1:20-cv-02674-TJK |

## JOINT STATUS REPORT

Plaintiff and Defendants, by their counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order of February 26, 2021.

<u>Joint Statement of the Parties</u>

The parties jointly provide the following update:

1.  On February 23, 2021, via email, counsel for Plaintiff identified 174 documents on the *Vaughn* indices produced by Defendants Department of Commerce and Census Bureau that were withheld in full or in part based on an assertion of the deliberative process privilege and that Plaintiff requested Defendants revisit. That email also advised Defendants that Plaintiff was continuing to consider whether to move forward with pursuing documents responsive to subpart 4 of its FOIA request. Defendants agreed to promptly review the *Vaughn* index entries identified by Plaintiff.

2.  On March 25, 2021, Defendants Department of Commerce and the Census Bureau provided Plaintiff updated *Vaughn* index entries for the documents identified by Plaintiff, and the

Department of Commerce disclosed to Plaintiff portions of 36 documents that the Department of Commerce had previously withheld in part or full.

3. Counsel for the parties continue to discuss a resolution for the case and suggest that it would be useful for the Court to direct the parties to file another Joint Status Report in 21 days, on April 16, 2021, by which point Plaintiff expects to have completed its review of the updated *Vaughn* indices provided by Defendants Department of Commerce and the Census Bureau and determined whether it intends to continue to pursue documents responsive to subpart 4 of its FOIA request. At that point, the parties will hopefully be in a position to provide a proposal to the Court on how the case should proceed, if needed.

<u>Plaintiff's Additional Statement</u>

Plaintiff offers the following additional observations:

As Plaintiff noted in the most recent prior Joint Status Report (Dkt. No. 35), the public has a right to transparency into the prior administration's clandestine and discriminatory activities relating to the 2020 U.S. Census. Notwithstanding this statutory right, Defendants have withheld thousands of pages of responsive records without adequate justification. Plaintiff asked Defendants to reassess just 174 such documents that it believes may be essential to ensuring transparency and accountability in the 2020 Census and that appeared to have been withheld improperly. Despite having more than a month to review these records, Defendants waited until ***the day before*** this Joint Status Report was due to provide Plaintiff with revised *Vaughn* indices and to disclose a small amount of additional responsive material, as described above.

Plaintiff is reviewing Defendants' revised indices and newly disclosed material as quickly as possible in order to assess whether to seek the Court's further involvement in resolving disagreements between the parties regarding Defendants' continued withholding of responsive

records. Due to the delayed response by Defendants, Plaintiff is not yet in position to determine whether it will be necessary to pursue subpart 4 of its FOIA request, which was not subject to the Court's Preliminary Injunction Order. Plaintiff, however, is hopeful that it can complete its review of Defendants' revised indices and work with the Defendants to determine how this action should proceed within the next 21 days.

## Defendants' Additional Statement

The Government received Plaintiff's most recent demands on February 23, 2021—the day before the deadline for the last joint status report. *See* Joint Status Report, ECF No. 35 (Feb. 24, 2021), ¶ 5. The Department of Commerce and the Census Bureau met the deadline set forth in that report for providing Plaintiff revised draft *Vaughn* indices and, after further assessment, additional responsive, non-privileged information. *See id.* at ¶ 6.

Defendants dispute the statement that they have withheld responsive records "without adequate justification." Pursuant to the Court's order, Defendants provided detailed preliminary *Vaughn* indices. Since the last joint status report, Defendants Department of Commerce and the Census Bureau have also revisited their determinations regarding 174 documents, released additional information, and provided revised descriptions in the preliminary *Vaughn* indices for the remainder of the documents, at Plaintiff's request. The Government continues to be amenable to working with Plaintiff to reach an amicable resolution to this case without the need for unnecessary litigation.

3

Dated: March 26, 2020

MICHAEL D. GRANSTON
DEPUTY ASSISTANT ATTORNEY
GENERAL

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

*/s/ Stephen M. Elliott*
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

*/s/ Patrick J. Carome*
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

Mikayla C. Foster*
Rieko H. Shepherd*
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
Jared.Grubow@wilmerhale.com

* *Pro hac vice*

*Counsel for Plaintiff the Brennan Center for
    Justice at NYU School of Law*