UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                      )
BRENNAN CENTER FOR JUSTICE        )
  AT NYU SCHOOL OF LAW,                    )
                                                                      )
                           Plaintiff,                         )
                                                                      )
             v.                                                   )   Civil Action No. 1:20-cv-02674-TJK
                                                                      )
UNITED STATES DEPARTMENT OF   )
  COMMERCE, *et al.*,                             )
                                                                      )
                           Defendants.                  )
_____)

**JOINT STATUS REPORT**

Plaintiff and Defendants, by their counsel, respectfully submit this Joint Status Report pursuant to the Court's Minute Order of May 17, 2021.

<u>Joint Statement of the Parties</u>

The parties jointly provide the following update:

1. Defendants Census Bureau and Commerce Department have completed their response to Plaintiff's April 13, 2021 letter, in which Plaintiff identified a number of concerns with Defendants' response to subparts 1-3 of its FOIA Requests, including entries on Defendants' *Vaughn* indices in which Plaintiff alleged that the government was over-withholding responsive, segregable information under the deliberative process and the presidential communications privileges. In total, Defendants Census Bureau and Commerce Department released previously undisclosed portions of approximately 65 records that Defendants had withheld in full or in part.

2. Subject to its review of Defendants Census Bureau's and Commerce Department's responses to subpart 4, as outlined below, Plaintiff does not intend to seek additional records in response to subparts 1-3 of its FOIA Requests in this action.

1

3. With regard to subpart 4 of its FOIA Requests, on April 15, 2021, Plaintiff proposed modifying its request to include records related to the 2020 Census in which there was any mention of, involvement in, or communication with former Deputy Director for Policy at the U.S. Census Bureau, Nathaniel Cogley.

4. On May 26, 2021, counsel for Defendants informed counsel for Plaintiff that the Census Bureau had identified approximately 325 records that are potentially responsive to subpart 4 of Plaintiff's modified request. Defendant Census Bureau estimated it would take approximately one month to process and disclose those records that did not require consultation with other agencies, and that it would make additional releases, as available, of any responsive, non-exempt records requiring consultation. Defendant Commerce Department has identified approximately 2,400 records that are potentially responsive to subpart 4 of Plaintiff's modified request. Defendant Commerce Department informed Plaintiff that processing this volume of documents typically takes more than 6 months.

5. On June 15, 2021, counsel for Plaintiff and Defendants met and conferred regarding Defendants Census Bureau's and Commerce Department's responses to subpart 4. The parties have agreed to work cooperatively to identify ways in which to prioritize and expedite the government's review of potentially responsive records.

6. The parties jointly request to file a further Joint Status Report in 61 days, on August 16, 2021.

**PLAINTIFF'S STATEMENT**

Defendants' release of 67 records in whole or in part in response to Plaintiff's April 13 letter is further evidence that the government improperly over-withheld records responsive to Plaintiff's FOIA Requests. Plaintiff should not have been forced to incur the burden and expense

of this lawsuit to compel the government to comply with its obligations under federal law. The slow pace of Defendants' productions coupled with their over-redacting violated the very purpose of the FOIA, which is to require agencies to make records "promptly available to any person" whose request "reasonably describes such records" and otherwise satisfies agency procedures. 5 U.S.C. § 552(a)(3)(A). This Court deemed that subparts 1-3 of the Plaintiff's FOIA Requests were of widespread and exceptional media or public interest because they raised questions about the Government's integrity that could affect public confidence. *See* Dkt. 25, at 11-12. Defendants denied Plaintiff timely access to responsive records by over-withholding records pursuant to discretionary statutory exemptions, prolonging the expedited processing to which Plaintiff was entitled.

Though Plaintiff does not intend to seek further production in response to subparts 1-3 of its FOIA Requests, subject to its review of additional records provided in response to subpart 4, Plaintiff reserves its right to seek an award of reasonable attorneys' fees incurred in connection with its pursuit of this action, pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

**DEFENDANTS' STATEMENT**

Defendants dispute Plaintiff's assertion that Defendants released non-exempt information responsive to subparts 1-3 on a "slow pace." Quite to the contrary, most of the defendant agencies completed all of their responses by December 2020—a mere three months after the initiation of this lawsuit—and Defendants Census Bureau and Commerce Department finished their releases by the Court's January 21, 2021 deadline. The efforts of the defendant agencies should be commended, not maligned, especially given that the urgency for Plaintiff's FOIA requests has subsided in the interim. *See* Executive Order 13986 (Jan. 20, 2021) (revoking Executive Order 13880 (Collecting Information About Citizenship Status in Connection With the Decennial

Census) and the Presidential Memorandum of July 21, 2020 (Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census)).

Defendants also deny that they "improperly over-withheld" responsive information. To be sure, Defendants reassessed the withholding of certain information from documents identified by Plaintiff in its April 13, 2021 letter. But Defendants completed these supplemental releases by June 3, 2021 (some of which were discretionary releases), less than two months after Plaintiff first identified its concerns. In contrast to Plaintiff's allegation otherwise, Defendants' decision to reassess and ultimately release additional responsive, non-exempt information comports with the exact purpose of FOIA.

Defendants stand ready and willing to work collaboratively with Plaintiff to hopefully bring this litigation to an expeditious conclusion.

Dated: June 16, 2021

BRIAN D. NETTER
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Program Branch

/s/ Stephen M. Elliott
STEPHEN M. ELLIOTT
Senior Counsel (PA Bar No. 203986)
United State Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Tel: (202) 353-0889
Fax: (202) 616-8470
E-mail: stephen.m.elliott@usdoj.gov

*Counsel for Defendants*

Respectfully submitted,

/s/ Patrick J. Carome
Patrick J. Carome (D.C. Bar No. 385676)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
Patrick.Carome@wilmerhale.com

Mikayla C. Foster*
Rieko H. Shepherd*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Mikayla.Foster@wilmerhale.com
Rieko.Shepherd@wilmerhale.com

Jared V. Grubow*

4

>WILMER CUTLER PICKERING
>  HALE AND DORR LLP
>7 World Trade Center
>250 Greenwich Street
>New York, NY 10007
>(212) 230-8800
>Jared.Grubow@wilmerhale.com
>
>\* *Pro hac vice*
>
>*Counsel for Plaintiff the Brennan Center for Justice at NYU School of Law*